[Cite as *Bailey v. Bailey*, 2012-Ohio-5073.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98173

---

## TRAMAINE SHEA BAILEY

### PLAINTIFF-APPELLEE

vs.

## MICHAEL EDWARD BAILEY

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-334217

**BEFORE:** Cooney, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**FOR APPELLANT**

Michael E. Bailey, pro se
12805 Reindeer Avenue
Garfield Heights, OH 44125


**ATTORNEY FOR APPELLEE**

Douglas C. Blackburn
Direnfeld, Greene & Blackburn Co.
24441 Detroit Road
Suite 200
Westlake, OH 44145

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Michael E. Bailey ("Michael"), appeals the trial court's judgment entry of divorce. We find no merit to the appeal and affirm.

{¶2} Plaintiff-appellee, Tramaine Shea Bailey ("Tramaine"), filed a complaint for divorce in November 2010. At trial, the parties stipulated that they were married on January 15, 2010 and separated on or about May 6, 2010. The parties disputed the allocation of four items of debt: (1) a debt of $5,876.94 to Owner's Management for past due rent; (2) a debt to Elgin Furniture for furniture purchased during the marriage in the amount of $2,635.77; (3) moving expenses in the amount of $ 2,200 owed to Navy Federal Credit Union; and (4) three separate electric bills.

{¶3} Following trial, the magistrate issued a decision assigning the debts owed to Elgin Furniture, Owner's Management, and Navy Federal Credit Union to Tramaine. However, the court ordered that Michael "pay Plaintiff $4,311.50 which constitutes his share of various debts." The court further ordered that Michael "shall pay Plaintiff $3,000.00 towards her attorney fees, as additional spousal support."

{¶4} Michael filed timely objections to the magistrate's decision, claiming the evidence presented at trial did not support her findings of fact and the resulting conclusions of law. However, Michael did not file a trial transcript as required by Civ.R. 53(D)(3)(b)(iii). The trial court adopted the magistrate's decision in its entirety without modification. Michael now appeals, raising three assignments of error.

Attorney Fees

**{¶5}** In his first assignment of error, Michael argues the trial court erred in awarding Tramaine $3,000 in attorney fees. He contends the attorney fee award was not warranted because the parties stipulated that Tramaine did not seek spousal support.

**{¶6}** In an action for divorce, a court may award all or part of reasonable attorney fees and litigation expenses to either party if the court finds the award equitable. R.C. 3105.73(A). In determining whether such an award is equitable, "the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." R.C. 3105.73(A). An award of attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Cimperman v. Cimperman,* 8th Dist. No. 80807, 2003-Ohio-869, citing *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985).

**{¶7}** Michael argues the trial court erred in sua sponte awarding attorney fees where the parties stipulated that neither party sought spousal support. He contends that because the parties waived alimony, an attorney fee award was improper under Civ.R. 75(N). However, Civ.R. 75(N) governs the temporary award of spousal support, including attorney fees, during the pendency of the divorce proceedings. It is not applicable to the final judgment of divorce.

**{¶8}** Michael never filed a transcript of the divorce proceedings. We must, therefore, presume regularity. When an objecting party fails to timely file a transcript or

affidavit, a trial court must accept the magistrate's findings of fact and limit its review to the magistrate's legal conclusions. *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-965, 2012-Ohio-1665, ¶ 8; "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." *Maloney v. Maloney*, 34 Ohio App.3d 9, 516 N.E.2d 251 (11th Dist.1986), paragraph one of the syllabus.

{¶9} In awarding $3,000 in attorney fees, the magistrate considered each party's income and earning ability and the conduct of the parties. In her decision, the magistrate explained:

> This fee award is disproportionate to the debts Plaintiff was seeking reimbursement for, but the fees were necessary because Defendant was oppositional at every turn. His only offers to compromise came in his Closing Argument when they were too late to have any effect.

{¶10} According to the magistrate, Tramaine incurred additional legal fees as a result of Michael's conduct during the divorce proceedings. Without a transcript proving otherwise, we accept the magistrate's findings. Under these circumstances, we find no abuse of discretion in the attorney fee award.

{¶11} Accordingly, the first assignment of error is overruled.

Duration of the Marriage

{¶12} In the second assignment of error, Michael argues the trial court erred when it established July 25, 2011 as the date the marriage ended. He contends the trial court should have found April 29, 2010 as the de facto termination-of-marriage date because the parties separated on that date.

**{¶13}** Under R.C. 3105.171(A)(2), the date of the final hearing for divorce is presumed to be the appropriate termination date of the marriage unless the trial court determines that the application of such date would be inequitable. *O'Brien v. O'Brien*, 8th Dist. No. 89615, 2008-Ohio-1098, ¶ 40, citing *Berish v. Berish*, 69 Ohio St.2d 318, 321, 432 N.E.2d 183 (1982). If the trial court determines that use of the final hearing date would be inequitable given the circumstances of the parties, the court may "select dates that it considers equitable in determining marital property." R.C. 3105.171(A)(2)(b). However, a trial court should only impose a de facto termination date where the evidence "clearly and bilaterally shows that it is appropriate based on the totality of the circumstances." *Boggs v. Boggs*, 5th Dist. No. 07CAF020014, 2008-Ohio-1411, at ¶ 66. The decision to use the final hearing date as the valuation date or another alternative date pursuant to R.C. 3105.171(A)(2)(a)-(b) is discretionary and will not be reversed on appeal absent an abuse of discretion. *Berish* at 321.

**{¶14}** Michael contends that the trial court should have used the de facto end of marriage date of April 29, 2010, instead of the last hearing date because the prolonged duration of the marriage unfairly burdened him with more than his share of marital debt. In support of this argument, he relies on *Dill v. Dill*, 179 Ohio App.3d 14, 2008-Ohio-5310, 900 N.E.2d 654 (3d Dist.), in which the court noted that several financial, health, and family changes that occurred during a ten-year delay between the time of separation and the final hearing date weighed in favor of establishing a de facto termination date for the marriage. *Id*. at ¶ 46.

{¶15} In contrast to *Dill*, the parties' entire marriage in the instant case lasted less than two years. According to the magistrate's decision, the parties lived together in the rental property for which they owed $5,876.94 in unpaid rent. Although they separated within months of their marriage, Tramaine moved into the marital residence after they were married. The debt was incurred as a result of the marriage. For this reason, the court was justified in ordering Michael to pay half of this debt.

{¶16} The $2,200 in moving expenses owed to Navy Credit Union was also a shared debt. The expenses were incurred when the parties moved from another address to the marital residence after they were married. Therefore, regardless of when the marriage ended, equity requires that Michael pay half this bill.

{¶17} The court divided the liability for electric bills according to where the parties lived at the time the bills were generated rather than by the date of the marriage. For example, the court found that Michael should pay the entire bill for electric service at the Valley Lane residence because he lived there with his mother before the parties were married and he moved back to that residence when the parties separated on or about May 6, 2010. Fairness requires that Michael be solely responsible for this bill because Tramaine never lived at that address.

{¶18} The parties lived together on Wadsworth Avenue from January 18, 2010, until the end of March 2010 when they moved to the marital residence on Rockside Road. The court noted that Tramaine owed $419.36 before the parties were married and that

they incurred an additional $212.60 in electric bills through March 31, 2010. The court ordered that Michael pay half of the jointly accrued $212.60 bill.

{¶19} The parties moved to the marital residence on Rockside Road on April 1, 2010. The court noted that "[t]he term of the electric bill at the Rockside residence was approximately seven months (April 1, 2010 through October 28, 2010) of which Michael resided at this apartment approximately one and a quarter months (39 days)." Therefore, the court concluded that Michael "should be ordered to pay one half of 18% * * * or 9% of the $449.58, or $40.46." Thus, the termination for the marriage was irrelevant to the court's calculation of this debt.

{¶20} Under these circumstances, we find no abuse of discretion in the court's finding that the marriage terminated on the last hearing date for purposes of dividing marital assets and liabilities. The court's division of the parties' debt was fair and equitable, and Michael has produced no evidence to show otherwise.

{¶21} Therefore, the second assignment of error is overruled.

### Moving Expenses

{¶22} In his third assignment of error, Michael argues the trial court abused its discretion in determining the amount awarded to Tramaine for moving expenses. He contends the award is not supported by the evidence.

{¶23} The party claiming a debt incurred during marriage is separate and not marital bears the burden of proof on that issue by a preponderance of the evidence. *Kehoe v. Kehoe*, 8th Dist. No. 97357, 2012-Ohio-3357, ¶ 14. A trial court has broad

discretion in the allocation of marital assets. We, therefore, will not disturb the trial court's judgment absent an abuse of discretion. *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 5.

**{¶24}** As previously stated, because Michael did not file a trial transcript, we accept the trial court's findings of fact as true. *Snider*, 10th Dist. No. 11AP-965, 2012-Ohio-1665, ¶ 8. The magistrate found that Tramaine borrowed $2,200 from Navy Credit Union to pay for the parties' moving expenses. They moved from Wadsworth Avenue to their apartment on Rockside Road after they were married but before they were separated. The expense was incurred as a result of the marriage. Under these circumstances, we find no abuse of discretion in the court's order requiring Michael to pay half of this expense.

**{¶25}** Accordingly, the third assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR