[Cite as *Dueck v. Clifton Park Trust*, 2019-Ohio-4784.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ARTHUR P. DUECK, ET AL., :

    Plaintiffs-Appellants, :

                                    No. 108008

v. :

JOSEPH KERRIGAN, TRUSTEE, :
CLIFTON PARK TRUST, ET AL.

    Defendants-Appellees. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas,
Probate Division
Case No. 2018 ADV 234080

---

*Appearances:*

Hahn, Loeser & Parks, L.L.P., Dennis R. Rose, and Casey J. McElfresh, f*or appellant.*

Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Terry J. Evans, and Karen Soehnlen McQueen, *for appellees.*

ANITA LASTER MAYS, J.:

## I.    Introduction and Background

### A. The 2012 action

**{¶ 1}**    We recite excerpts of our opinion in *Dueck v. Clifton Club Co.*, 2017-Ohio-7161, 95 N.E.3d 1032 (8th Dist.) ("*Dueck I*"), arising from a declaratory judgment action initiated in 2012,[1] as background for this case and hereby incorporate the defined terms therein for the current opinion:

> Plaintiffs-appellants Arthur P. Dueck ("Dueck"), Todd Gilmore ("Gilmore"), Nancy Binder ("Binder"), and William R. Keller ("Keller," collectively "appellants") appeal the trial court's grant of summary judgment in a declaratory judgment action, interpreting a trust agreement in favor of defendants-appellees Clifton Park Trust Trustees ("Trustees") and The Clifton Club Company ("Clifton Club"). * * * After a thorough review of the record, we find that the nonresident members of the Clifton Club are not beneficiaries of the Trust and, as a result, have no legal rights. The matter is reversed and remanded as instructed herein for a hearing on the amount of sanctions.

*Dueck I* at ¶ 1.

**{¶ 2}**    The case involved a dispute regarding use of the Clifton Park Beach:

> Appellants are lot owners in the Clifton Park Allotment in Lakewood, Ohio ("Clifton Park"), a residential area owned and developed in the 1800s by the Clifton Park Association ("Clifton Park Association"), predecessors in interest to the Clifton Park Land & Improvement Company ("Land Company"). In 1912, the Land Company placed the Clifton Park private park and beach area (collectively the "Beach") into a trust ("Trust") for the use and enjoyment of all Clifton Park lot owners, vesting lot owners with the legal status of Trust beneficiaries ("Beneficiaries"). The Clifton Club, a social club operating in Clifton Park since 1902, is a members-only establishment. Membership is open to the lot owner Beneficiaries, as well as nonresidents of Clifton Park ("Club Members"). While the Clifton Club's membership is comprised of both resident lot owners and nonresidents, the focus of

---

[1]  *Dueck v. Clifton Club Co.*, Cuyahoga C.P. No. 2012 ADV 179424.

this case is whether Club Members, due to their status as Club Members, are Beneficiaries under the Trust and entitled to Beach access.

*Dueck I* at ¶ 2.

**{¶ 3}** After an in-depth analysis of the trust documents and history, we decided that there is

> a historical understanding by the Trustees and Clifton Club that the Club Members' right to access the Beach is permissive, and that the Trustees have full authority to regulate Beach access. The Club Lease, capping the membership number subject to the settlors' consent, confirms that the Clifton Club's use, even as a direct Beneficiary, is not unfettered, particularly since the purpose of the Trust is to allow the lot owners to enjoy the Beach.

> We conclude that the trial court correctly determined that the Club Members have a "right" to use the Beach. However, in response to the declaration explicitly requested by appellants, we find that the Club Members have no legal right of access as Beneficiaries. Access by the Club Members is by permission and regulation of the Trustees.

*Dueck I* at ¶ 66-67.

### B. The 2018 action

**{¶ 4}** In the instant case, the parties continue to debate entitlement to Beach access and Trustee regulation. Plaintiffs-appellants Arthur P. Dueck, Paul A. Bjorn, Nancy Binder, and William R. Keller appeal the November 20, 2018 judgment of the Cuyahoga County Court of Common Pleas, Probate Division. Appellants challenge the trial court's dismissal with prejudice of Count 1 of the Second Amended Complaint seeking to enjoin the current Clifton Park Trust Trustees; Joseph Kerrigan, Mary Ellen Fraser, Robert Frost, Warren Coleman, and Ryan Meany ("Trustees"); from granting members of the Clifton Club "a permissive

right to use the Beach that is equal to the rights of the Beneficiaries without the unanimous consent of the Beneficiaries."  Brief of appellants, p. 5.

{¶ 5}  Appellants argue that the rules issued by the Trustees for 2018 granted the Club Members the same rights as the Beneficiaries and, to some extent, greater rights. Appellants filed the instant action in May 2018.  Via the second amended complaint filed on May 2, 2018, appellants filed an action pursuant to R.C. 2101.24 and 2721.05 and allege:

> the Trustees have issued rules related to the use of Trust Property — held in the form of the Clifton Park Beach and related Beach Property — that (a) grants each individual Club Member a right to use the Trust Property that is equal to the rights of an individual Resident Beneficiary to the use the Trust Property and (b) grants the Club rights to use the Trust Property that are far greater than any individual Resident Beneficiary in Clifton Park — in fact 224 times greater.

Second amended complaint, ¶ 76.

{¶ 6}  Count 1 requests an injunction under R.C. 5810.01(B) to prevent the Trustees from granting the permissive rights to the Club Members contained in the rules without the unanimous consent of the Beneficiaries because the conduct is a breach of the Trust and the Trustees' fiduciary duties.  Appellants also pray for costs, expenses, and attorney fees pursuant to R.C. 5810.04.

{¶ 7}  Count 2 of the second amended complaint asserts that the Trustees breached their fiduciary duties by implementing rules that provide the Club Members with greater access and rights to use the Beach than the Beneficiaries. Appellants seek an injunction under R.C. 5810.01(B) and costs, expenses, and attorney fees under R.C. 5810.04.

{¶ 8} Count 3 alleges that the Trustees breached their fiduciary duties by creating rules that reduced the common use of the Beneficiaries to 60 percent of portions of the Beach. Appellants seek an injunction under R.C. 5810.01(B) and costs, expenses and attorney fees under R.C. 5810.04.

{¶ 9} Appellants charge that the Trustees breached their fiduciary duty to: (1) keep current Beneficiaries reasonably informed of Beach administration and material facts to allow the Beneficiaries to protect their interests; and (2) promptly respond to requests by Beneficiaries for Trust administration information. Appellants seek an injunction under R.C. 5810.01(B) and costs, expenses, and attorney fees under R.C. 5810.04.

{¶ 10} It is the position of the Trustees that they have acted properly and within the scope of their authority pursuant to this court's ruling in *Dueck I.* The Trustees respond that the instant action is simply a collateral attack because the issues involved are res judicata.

{¶ 11} On May 15, 2018, appellants filed a motion for temporary restraining order and preliminary injunction under Civ.R. 65 ("TRO") to enjoin the Trustees from implementing the rules for the 2018 season. Attached to the motion was 79 pages of exhibits including the Trust Deed, historical information about Clifton Park and the Beach, correspondence between the parties prior to institution of this case, and a legal update document issued by the Trustees ("Legal Update") that provides a summary of the outcome of *Dueck I* and focuses on this court's determination that the Trustees have the right to regulate use of the Beach.

{¶ 12} The Legal Update provides that while the *Dueck I* appeal in the Ohio Supreme Court[2] was pending in December 2017, the Trustees "increased the Clifton Club's assessment to 45 percent of the annual budget and maintained the same number of Club Members to access the Beach as in the previous five years, for the calendar year 2018." Access to the Beach was granted to 224 Clifton Club families, the same number with access over the prior five years.

{¶ 13} The Legal Update also provides:

2018 Assessment & Club Member Access Review — 2018 assessments will remain the same * * *. Any significant changes to assessments after the calendar year has begun to present administrative challenges and potential financial burden to Beneficiaries. For example, if $127,000 (the Clifton Club's assessment) was to be re-assigned to Lot Owner Beneficiaries other than the Clifton Club for only a portion of 2018, administrative and substantive challenges occur for the following reasons:

    1) Trust Beneficiaries are preparing and transmitting payments.

    2) Clifton Park Trustees have received and processed payments.

    3) Assessment amounts to Lot Owner Beneficiaries would increase significantly and may represent an unanticipated financial burden to Lot Owner Beneficiaries.

{¶ 14} The Legal Update states that, in recognition of the difference between the rights of Beneficiaries and Club Member, the car stickers issued for each group would be distinguishable to allow the Trustees to monitor the traffic in consideration of future adjustments. The Trustees also modified the table and occupancy rules to

---

[2] The Ohio Supreme Court declined jurisdiction in *Dueck v. Clifton Club Co.*, 2018-Ohio-723, 92 N.E.3d 879.

"better reflect the intention of the rules and the assignment of rights in light of the Court's decision."

{¶ 15} The Legal Update also shares the result of the Trustees' 2018 operating expense review:

> We expect legal expenses to triple from the original budget of $20,000. This is a direct result of (i) the Clifton Park Trustees seeking legal counsel to interpret and administer the Trust following the Court's decision, and (ii) inquiries from Beneficiaries and Plaintiff Appellants that carry legal ramifications to the Trust and all Beneficiaries (primarily regarding the interpretation of the Court's decisions). As a result of the past litigation, the current Trustees felt it prudent to use legal counsel on matters in order to appropriately carry out our duties, as well as hopefully avoid future litigation involving the Trust. It is our duty to protect the interests of all Trust Beneficiaries impartially and with due regard to the interest of each Beneficiary.
>
> It is our responsibility to continuously report the financial condition of the Trust. We are delaying certain projects originally planned for the [sic] 2018 to accommodate the increased legal expenses. These projects include the replacement of the boardwalk and associated lighting. We are still planning to repair the Beach House Chimney.

The 2018 rules are attached to the Legal Update.

{¶ 16} On May 15, 2018, the Trustees filed a responsive motion accompanied by 82 pages of exhibits that includes appellants' opposition to summary judgment in *Dueck I*, appellants' October 19, 2015 trial brief, witness list and stipulations submitted in *Dueck I,* and appellants' August 16, 2017 press release regarding the court victory in *Dueck I.*

{¶ 17} The Trustees also filed a motion to dismiss the complaint on May 15, 2018. The motion is based on appellants' failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) as to Count 1 of the second amended complaint

based on res judicata. The Trustees also asserted a claim under Civ.R. 12(B)(7) due to the failure to join Clifton Club and the other lot owner Beneficiaries as indispensable and necessary parties as to all counts.

{¶ 18} The trial court responded:

> [T]he doctrine of res judicata encompasses the two concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio- 1102, 862 N.E.2d 803, ¶ 6.  Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Id.* Further, the doctrine of issue preclusion precludes the relitigation of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140, (1998).  Issue preclusion holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.  *Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216, ¶ 16 (2002).
>
> As a result of Plaintiffs' formerly litigated Complaint filed with this Court in June 2012, the Eighth District Court of Appeals held that Plaintiffs sought a declaration seeking that the Club Members are not lot owners; Plaintiffs requested that the Court hold Club Members are not Beneficiaries of the Trust and do not have the same legal rights as the lot owner Beneficiaries to access the Beach.  *Dueck v. Clifton Club Co.*, 8th Dist. Cuyahoga No[s]. 103868 [and 103888], 2017-Ohio-7161, 95 N.E.3d 1032, ¶ 3, appeal not allowed.  Further, the Eighth District Court of Appeals found, "while the Clifton Club's membership is comprised of both resident lot owners and nonresidents, the focus of this case is whether Club Members, due to their status as Club Members, are Beneficiaries under the Trust and entitled to Beach access." *Id.* at ¶ 2.

Amended judgment entry No. 1974350 (Nov. 20, 2018), p. 1-2.

{¶ 19} The trial court also addressed appellants' contention underlying Count 1 that unanimous consent by the Beneficiaries for the Club Members permissive use of the Beach is required:

> Pursuant to Count 1 of Plaintiffs' Second Amended Complaint filed with this Court on May 2, 2018, Plaintiffs now seek relief due to an alleged breach of fiduciary duty by the Defendant Trustees for permitting Clifton Club Members a permissive right to use the Beach and Beach Property equal to the rights of the Trust beneficiaries without the unanimous consent of the Clifton Park lot owners. Although Plaintiffs allege a breach of fiduciary duty by the Defendant Trustees, the alleged breach in Count 1 of the Complaint is based on the assertion that Clifton Club Members do not have the right to access the Beach and Beach Property without unanimous consent of the Clifton Park lot owners.

> Plaintiffs make such an allegation despite the conclusion of the Eighth District Court of Appeals in the prior litigated case that, "the Club Members are not equal or direct Beneficiaries of the Trust. The Club Members have a permissive right to access the Beach as regulated by the Trustees pursuant to the Trust Deed." [*Dueck I*] at ¶ 126. The matter of whether Clifton Club Members are permitted access to the Beach and Beach Property was directly at issue in the Plaintiffs' prior complaint and decided by the Eighth District Court of Appeals which held that there is a "historical understanding by the Trustees and Clifton Club that the Club Members' right to access the Beach is permissive, and that the Trustees have full authority to regulate Beach access." *Id.* at ¶ 66.

> In support of Count 1 of Plaintiffs' Second Amended Complaint, Plaintiffs maintain in allegation number eighteen (18) that unanimous consent of lot owners is required to permit Clifton Club Members access to the Beach and Beach Property. Plaintiffs quote the Trust Deed asserting that "[n]o part of said land shall be sold, conveyed or dedicated to public use without the unanimous consent of all the lot owners in said allotment." Upon review, this Court finds Plaintiffs' claim that unanimous consent of lot owners is required for Clifton Club Members to be permitted access to the Beach and Beach Property is without merit. Clifton Club is a lot owner and is therefore a direct beneficiary under the Trust. Further, as the Eighth District Court of Appeals previously held, the Clifton Club Members have a permissive right to access the Beach and Beach Property. *Id.* at ¶ 126. Because the

Clifton Club is a direct beneficiary to the Trust and Club Members have a permissive right to access the Beach and Beach Property, Plaintiffs have failed to establish how the access granted to the Clifton Club Members constitutes a public use; because the access to the Beach and Beach Property permitted and regulated by Defendant Trustees to the Club Members does not qualify as a public use, unanimous consent of the lot owners is therefore not required.

*Id.* at p. 2-4.

{¶ 20} The trial court concluded:

This Court therefore finds that Count 1 of the Plaintiffs' Second Amended Complaint filed on May 2, 2018, is dismissed with prejudice. The doctrine of res judicata bars Plaintiffs from relitigating whether the Clifton Club Members have a permissive right to access the Beach and Beach Property. Further, Clifton Club Members have a permissive right to access the Beach and Beach Property, and as such, the access permitted by the Trustees' regulation does not qualify as public use which would require unanimous consent of the lot owners. Therefore, Defendant Trustees' Motion to Dismiss is well-taken in part and should be granted in part as to Count 1 of the Plaintiffs' Second Amended Complaint.

Amended judgment entry No. 1974350 (Nov. 20, 2018), p. 4.

{¶ 21} The trial court declined to dismiss the remaining counts that focus on an alleged breach of fiduciary duty against the Trustees. Joinder of the Clifton Park lot owners as necessary parties was also required by the trial court.

{¶ 22} The trial court expressly advised appellants that they could amend the complaint to remove the claims that the Club Members lacked a permissive right and that the Club Members' use is a public use:

Plaintiffs shall be permitted leave to amend the complaint but may not allege that Clifton Club Members do not have a permissive right to access the Beach and Beach Property. Such a claim that Clifton Club Members may not access the Beach and Beach Property is barred by the doctrine of res judicata. Further, because the access permitted by

Defendant Trustees to Clifton Club Members does not qualify as a public use, unanimous consent of the lot owners is not required.

*Id.* at p. 5.

{¶ 23} Thus, it appears that upon removal of the cited elements of Count 1, the remaining claims in Count 1 that were advanced pursuant to R.C. 5810.01(B)[3] would have survived. Appellants elected to file the instant appeal, and a stay of proceedings has been issued by the trial court as to the remaining counts.

## II. Preliminary Considerations

### A. Final Appealable Order

{¶ 24} We note for purposes of R.C. 2505.02 that the trial court's judgment entry disposes of fewer than all claims. The entry provides that the order is final and appealable and that there is no just reason for delay pursuant to Civ.R. 54(B); however, the entry must also satisfy R.C. 2505.02. "In cases involving multiple parties or claims, an order is final if it satisfies one of the grounds under R.C. 2505.02 and also satisfies Civ.R. 54(B)." *Heaton v. Ford Motor Co.*, 2017-Ohio-7479, 96 N.E. 3d 1191, ¶ 18 (8th Dist.).

{¶ 25} R.C. 2505.02(B)(1) provides, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" "To determine the action and prevent a

---

[3] That section requires that trustees administer a "trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries" pursuant to R.C. Chapter 5801 to 5811.

judgment, the order 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989)." *Fried v. Abraitis*, 8th Dist. Cuyahoga No. 104650, 2017-Ohio-746, ¶ 5.

{¶ 26} The trial court disposed of the claim in the complaint that was previously determined by this court that the Club Members' use of the Beach is permissive, not legal, and derives from the Clifton Club's status as a Beneficiary. The trial court held that res judicata applied to this claim. The trial court also rejected appellants' underlying Count 1 allegation that the determination of Club Members' access to the Beach was subject to the unanimous vote of the Beneficiaries because the action served as a public use under the Trust Deed.

{¶ 27} As previously recited herein, the remaining claims, which also require joinder of the Beneficiaries as necessary parties, are for breach of fiduciary duty by the Trustees in light of the legal framework set forth by this court in *Dueck I* and fiduciary law:

> [Under] Count 2 and Count 3 * * * [the trial court must determine] whether the nature and extent of access that the Clifton Club Members are permitted to the Beach and Beach Property constitute a breach of fiduciary duty owed by the Defendant Trustees. Further, Count 4 remains before this Court as to whether the Defendant Trustees have breached their fiduciary duty to provide information and documents to the Trust beneficiaries relating to the administration of the Trust.

Amended judgment entry No. 1974350 (Nov. 20, 2018, p. 2-3).

**{¶ 28}** We find that the decision disposes of a discreet branch of the claim raised by appellant in the complaint and is therefore a final appealable order.

### B. Incomplete Record

**{¶ 29}** The key issue in this case is the application of res judicata. The Trustees assert that the assignments of error should be summarily overruled because appellants failed to file a copy of their complaint in *Dueck I.* This failure, the Trustees contend, has resulted in an incomplete record that prevents this court from determining whether the issues are the same for purposes of res judicata.

**{¶ 30}** An appellant has a duty to file those parts of the record necessary for a review of the trial court's decision. *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, citing App.R. 9(B). In the absence of a complete record, the appellate court accepts the factual findings of the trial court as true and limits its review to the legal conclusions of the trial court. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 981173, 2012-Ohio-5073.

**{¶ 31}** The Trustees cite *Ketchel v. Bainbridge Twp.*, 79 Ohio App.3d 174, 607 N.E. 22 (11th Dist.1992), in support of their argument. In that case, the Eleventh District decided whether the trial court erred in granting summary judgment against appellants' causes of action based on res judicata. As in the instant case, the plaintiff in *Ketchel* failed to file a copy of the complaint from the prior action for comparison.

**{¶ 32}** The Eleventh District concluded that

> because the original complaint from [the first action] is not part of the record before this court, the assignment cannot be properly addressed and appellants cannot, therefore, demonstrate this portion of the claimed error under this assignment.

*Id.* at 178. This conclusion was based on the notion that a comparison of the "exact wording" of the two complaints was "of paramount importance." *Id.*

{¶ 33} However, *Ketchel* is distinguishable from the case before us because, unlike *Ketchel*, which was reviewing a motion for summary judgment, this court was reviewing a motion to dismiss which is limited to the allegations alleged in the four corners of the complaint. Therefore, the failure to include a copy of the complaint in *Dueck I* is immaterial.

{¶ 34} Nevertheless, both the trial court and the appellate court may take judicial notice of court filings and opinions that are readily accessible from the internet. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet). Therefore, the trial court was permitted, as is this court, to consider this court's opinion in *Dueck I* which clearly *identifies* the issues in *Dueck I*. (*See, e.g., Dueck I* at ¶ 26.)

## III. Assignments of Error

{¶ 35} Appellants present three assignments of error:

I.    The trial court erred in concluding that res judicata barred litigating the separate issue of whether the Trustees have authority pursuant to the Trust Deed terms to permit non-Beneficiaries of the March 1912 Trust Deed to use Trust Property based on *Dueck I*, a case which only sought declaratory relief.

II.   The trial court erred by concluding that the Eighth District Court of Appeals in *Dueck I* gave the Trustees authority that is not found in the Trust Deed to unilaterally permit the non-Beneficiary members of the Clifton Club Company a right of Trust Property Use.

III. The Trustees had to seek unanimous consent to grant Club Members a right of Beach use because the Club Members' use is a public use within the meaning of the Trust.

## IV. Discussion

{¶ 36} This appeal was filed pursuant to App.R. 9(A), and there is no transcript of proceedings. "The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9, citing App.R. 9(B) and *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87, ¶ 7.

{¶ 37} Without the filing of a transcript or alternative record under App.R. 9(C) or (D), "[w]e presume that the trial court considered all the evidence and arguments raised." *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.). "[W]e accept the factual findings of the trial court as true and limit our review to the legal conclusions of the trial court." *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 981173, 2012-Ohio-5073, ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, & 8.

### A. Standard of Review

{¶ 38} An appellate court reviews a motion to dismiss under Civ.R. 12(B)(6) as follows:

> Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.

(Citations omitted.) *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.).

{¶ 39} A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted where it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

### B. Discussion

{¶ 40} We combine the assigned errors for ease of analysis due to intertwined facts and issues and analyze based on the key issues of res judicata and public use. We affirm the trial court's judgment.

### 1. Res Judicata

{¶ 41} Appellants argue that res judicata does not apply because: (1) the issue of Trustee authority was not before the court; (2) appellants never agreed that the Trustees have authority to grant non-beneficiaries rights of Beach use without lot owner consent; (3) this court did not grant the Club Members a legally binding permissive right to use Trust Property; and (4) the question of whether the Trustees had authority pursuant to the Trust to grant a right of Beach use without unanimous consent of the lot owners was never decided.

{¶ 42} The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous

action." *Id.* Res judicata encompasses either claim preclusion, formerly known as estoppel by judgment, and issue preclusion, also known as collateral estoppel, or both depending on the case. *Id.* at 381, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989); 46 American Jurisprudence 2d 780, Judgments, Section 516 (1994).

{¶ 43} In considering a claim under the doctrine of res judicata, we ask whether:

> (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

(Citation omitted.) *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 27.

{¶ 44} "[T]he doctrine of res judicata requires a final order of the court to preclude relitigation of issues that have or could have been raised in a prior proceeding" *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 19. "A final order is also a prerequisite to appellate review." *Id. See also Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus.

{¶ 45} In *Dueck I*, we defined the question before us:

We construe the pending question to be whether the nonresident Club Members are direct Beneficiaries under the Trust Deed, as stated in Count 1 of the first amended complaint, arguably entitling them to equal access and commensurate status as the owner Beneficiaries.

*Dueck I* at ¶ 41.

**{¶ 46}** After an in-depth review of the Trust documents and history, this court concluded that:

the lot owners are the sole legal beneficiaries of the Trust. *The Clifton Club is a lot owner and thus a beneficiary.* The Trust Deed is the sole conveyor of legal rights to the beneficiaries. The Club Deed transferred title to the Club Lots. The Club Deed did not, and could not, convey any greater rights to the Trust property than those that are set forth in the Trust Deed, because title to, and control of, the Trust property was vested solely in the Trustees via the Trust Deed.

*The Club Members are not equal or direct Beneficiaries of the Trust. The Club Members have a permissive right to access the Beach as regulated by the Trustees pursuant to the Trust Deed.*

(Emphasis added.) *Id.* at ¶ 125-126.

**{¶ 47}** We recite the majority of Count 1 of the Second Amended Complaint for purposes of clarity:

93. The Trustees owe a duty to administer the Trust Deed according to its terms.

94. The Trustees owe a duty to administer the Trust Deed solely in the interests of the beneficiaries, the lot owners in Clifton Park.

95. The Trustees owe a duty of loyalty to the Trust beneficiaries.

96. The Trustees owe a duty to the Trust beneficiaries to take reasonable steps to take control of and protect the Trust Property.

97. The Trustees have no authority under the terms of the Trust to grant a right to use the Trust Property, including the Beach and

Beach Property, to any person who is not a beneficiary of the Trust without the unanimous consent of the lot owners.

98. The Clifton Park lot owners have not given unanimous consent to the Trustees to grant a right to use the Trust Property, including the Beach and Beach Property, to any person who is not a beneficiary of the Trust.

99. The Trustees have no authority under the terms of the Trust to grant a right or permission to use the Trust Property, including the Beach and Beach Property, to any person who is not a beneficiary of the Trust that is equal to the rights of the Trust beneficiaries without the unanimous consent of the lot owners.

100. The Clifton Park lot owners have not given unanimous consent to the Trustees to grant a right to use the Trust Property, including the Beach and Beach Property, to any person who is not a beneficiary of the Trust that is equal to the rights of the Trust beneficiaries.

101. The Club Members are not beneficiaries of the Trust.

102. The Club Members have no legal rights under the Trust.

103. The Club Members have no legal rights or permission under the Trust to use Trust Property.

104. The Trustees have granted 224 Club Members a permissive right to use the Trust Property, including the Beach and Beach Property that is equal to the rights of the Trust beneficiaries.

105. The Trustees' grant to 224 Club Members of a permissive right to use the Trust Property, including the Beach and Beach Property, without the unanimous consent of the Clifton Park lot owners is a breach of fiduciary duty.

106. Under R.C. 5810.01(B), the Court should enjoin the Trustees from granting to the Club Members of a permissive right to use the Trust Property, including the Beach and Beach Property, without the unanimous consent of the Clifton Park lot owners because such conduct is a breach of the trust and a breach of their fiduciary duty.

107. Under R.C. 5810.01(B), the Court should enjoin the Trustees from granting to the Club Members of a permissive right to use

the Trust Property, including the Beach and Beach Property, that is equal to the rights of any other individual Trust beneficiary without the unanimous consent of the Clifton Park lot owners because such conduct is a breach of trust and/or fiduciary duty.

{¶ 48} The trial court ruled that appellants "shall be permitted leave to amend the complaint but may not allege that Clifton Club Members do not have a permissive right to access the Beach and Beach Property." Amended judgment entry No. 1974350 (Nov. 20, 2018), p. 4. "Such a claim that Clifton Club Members may not access the Beach and Beach Property is barred by the doctrine of res judicata." *Id.* The complaint was not amended.

{¶ 49} We find that, as written, Count 1 is based on a false premise because the issue of the permissive right of the Club Members to access the Beach as regulated by the Trustees is, indeed, res judicata. In *Dueck I,* we stated that the Clifton Club, as a lot owner, is a direct Beneficiary of the Trust, that the Club Members possess a permissive right derived solely from Clifton Club's status as a direct Beneficiary, and that the Trustees are empowered by the Trust Deed to regulate the use of the Beach. Our determination in *Dueck I* does not impact the duty of the Trustees to administer the Trust equitably and according to its terms as well as impartially where there are multiple beneficiaries. R.C. 5808.02.

{¶ 50} The trial court's judgment is affirmed. We find that the first assigned error lacks merit.

## 2. Public Use

{¶ 51} The trial court also rejected appellants' public use claim. "[T]he "unanimous consent of the lot owners is not required" to allow access by the Club

Members to the Beach because it "does not qualify as a public use." Amended judgment entry No. 1974350 (Nov. 20, 2018), p. 4.

{¶ 52} The trial court also rejected appellants' claim that Beach access by the Club Members requires the unanimous consent of the lot-owner Beneficiaries. First of all, we posit here that due to the ongoing contention and alleged competing interests between use of the Beach by the appellants as Beneficiaries, and possibly other lot owner Beneficiaries versus the Club as a Beneficiary, it is questionable that there could ever be a unanimous agreement. Be that as it may, public use is not an issue here.

{¶ 53} The Trust Deed provides, in pertinent part, that:

"1) The trustees shall hold title to and preserve all the land deeded to them for the common use of all the lot owners in the Clifton Park Allotment, and their successors in title, and members of their households."

"(2) *No part of said land shall be sold, conveyed or dedicated to public use without the unanimous consent of all the lot owners in said allotment.*"

"(3) The trustees shall collect money from the persons interested as hereinafter provided, and from such sums so collected, * * * [to pay taxes, maintenance, etc.]; shall establish regulations for the use of, and provide for proper policing * * * for the use of lot owners in said allotment, as the same is now maintained."

(Emphasis added.) *Dueck I* at ¶ 48, quoting the Trust Deed.

{¶ 54} Appellants' definition of the term public use is inapplicably restrictive. "When the owner of property devotes it to a public use, he, in effect, grants to the public an interest in such use." (Citations omitted.) *Lake S. & M. S. R. Co. v. Cincinnati, S. & C. R. Co.*, 30 Ohio St. 604, 616 (1876). We have already

determined that use by the Club Members is permissive as it derives from the Clifton Club's status as a direct Beneficiary. Thus, access by the Club Members is not a public use.

{¶ 55} We find that appellant's assigned errors lack merit. The trial court's findings are affirmed.

## V.  Conclusion

{¶ 56} The trial court's judgment is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the probate court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR