[Cite as *A.H. v. W.E.H.*, 2022-Ohio-2501.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

A.H.                                      :

    Plaintiff-Appellee,              :

                                         No. 111085

    v.                                :

W.E.H.,                                   :

    Defendant-Appellant.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 21, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-382383

---

### *Appearances:*

Law Offices of Robert A. Marcis, II and Robert A. Marcis,
II, *for appellee*.

W.E.H., *pro se*.

PER CURIAM:

{¶ 1} Defendant-appellant W.E.H. appeals from the trial court's November 18, 2021 judgment entry of divorce. After a careful review of the record on appeal and pertinent law, we affirm the trial court's judgment.

### I.    Procedural and Factual History[1]

{¶ 2} In August 2020, plaintiff-appellee A.H. filed the within divorce action against appellant.  The couple have two young minor children — the eldest born in 2016 and the youngest born in 2020.  In addition to seeking a divorce from appellant, appellee also sought (1) to be named the sole legal custodian of the parties' minor children and (2) orders restraining appellant from having contact or visitation with her or the parties' children.

{¶ 3} Appellant was initially represented by counsel, who filed an answer and counterclaim, as well as a motion for temporary visitation, on appellant's behalf. Mother opposed the motion for temporary visitation.  The trial court referred the parties to the court's Family Evaluation Services ("FES") for an evaluation regarding the allocation of parental rights and responsibilities and for the completion of a drug and alcohol assessment.

{¶ 4} In November 2020, appellant and appellee filed an agreed judgment with the court, under which they agreed that appellant would have two five-minute Zoom calls per week with the children.  Shortly after the Zoom visitation began, appellant stopped the visits.  Also, in November 2020, appellee filed a motion for temporary support.

{¶ 5} In January 2021, appellant's counsel sought to withdraw from his representation of appellant in this case.  The trial court granted his motion that same

---

[1] Appellant has failed to make the transcripts of the trial court proceedings part of the appellate record.  Therefore, our recitation of the facts is mainly derived from the divorce decree.

month and, thereafter, appellant proceeded pro se in this matter, both at the trial court level and here now on appeal.

{¶ 6} In February 2021, a magistrate of the court issued a decision regarding appellee's motion for temporary support. The magistrate granted appellee's motion for temporary support, and assigning a minimum wage income to appellant, ordered appellant to pay appellee $196.71 per month in child support and cash medical support.[2] Appellant did not file objections to the magistrate's decision.

{¶ 7} In March 2021, appellant filed several motions to hold appellee in contempt and a motion for her to show cause. He also filed a "motion for subpoena of probate order" and a "motion to strike probate order from evidence of [his] mental illness." His motions were denied.

{¶ 8} In April 2021, the trial court terminated the FES, stating the following:

> The Court finds that after advising the parties of the requirements of the FES process, [appellant] has declined to sign releases of information that are necessary to facilitate the FES investigation. The Court finds that the Court's FES Department has made reasonable attempts to engage [appellant] in the evaluation process. The Court therefore terminates the October 23, 2020 Order for the FES process.

{¶ 9} The court issued its trial order and a notice that an in-person trial would commence on November 18, 2021. The court also provided notice to the parties that a Zoom settlement conference would take place on October 13, 2021.

---

[2] The $196.71 figure is support for both children, calculated as $176.67 per month as child support ($88.33 per child) and $20.04 per month as cash medical support ($10.02 per child).

{¶ 10} In August 2021, appellant filed a filing titled "rejection of the trial order submitted in civil disobedience." In this filing, appellant informed the court that he would not be participating in either the settlement conference or the trial. Appellant also filed a "notice of [his] inability to attend trial because of [appellee's] harassment."

{¶ 11} In-person trial commenced as scheduled. Appellee appeared with counsel. Appellant failed to appear. Appellee presented testimony and evidence to the court. Based on appellee's testimony and evidence, the trial court issued a divorce decree granting appellee a divorce from appellant. In the decree, the court noted that appellant vacated the marital residence on or about August 14, 2020, and since that time had not contributed any financial support to appellee or their children. The divorce decree, among other things, (1) ordered the parties' life insurance policies to appellee, (2) awarded appellee all parental rights and responsibilities, (3) awarded certain tax refunds to appellee;[3] (4) adopted the magistrate's child support order of $196.71; and (5) added $25 per month for child support for arrearages, for a new child support order of $221.71 per month plus a 2% processing fee.

{¶ 12} Appellant filed a notice of appeal from the divorce decree. After filing his notice of appeal, appellant filed numerous motions in the trial court relating to evidence he wished to be included in the record on appeal and the transcripts.

---

[3] The refunds were a 2019 state refund in the amount of $1,707, and a 2019 federal refund in the amount of $7,832.

## II.    Assignments of Error

{¶ 13} Appellant assigns the following seven errors for our review:

I.      The trial court erred and abused its discretion in assigning [appellant] zero custody of and zero visitation with the two minor children.  Especially given [appellee's] documented history of perjury to alienate the children from [appellant] in violation of the trial court's mutual restraining orders.

II.     The trial court erred and abused its discretion in assigning ownership of [appellant's] whole life cash value and term life insurance policies to [appellee].  Especially given the documented evidence [appellee] lapsed her own policies in violation of the trial court's mutual restraining orders.

III.    The trial court erred and abused its discretion in assigning ownership of [the] eldest child's whole life insurance policy to [appellee].  Especially given [that appellee] destroyed the policy in question and the more than six thousand dollars in education funds for the eldest child the policy contained.

IV.     The trial court erred and abused its discretion in determining [appellee's] income and the amount of child support the [appellant] must pay for the minor children.  Specifically, it relied on a perjurious affidavit.

V.      The trial court erred and abused its discretion in not holding [appellee] accountable for criminal harassment and cyberstalking of [appellant] in violation of its restraining orders when she admitted to hacking a national telecommunications carrier to access the contents of [appellant's] cell phone text messages and spy on confidential attorney client communications.

VI.     The trial court erred and abused its discretion in not holding [appellee] in contempt of court when after admitting her harassment and cyberstalking, [appellee] did not bifurcate the cell phone plans in question according to the trial court[']s instructions.

VII.    The trial court erred and abused its discretion in not holding [appellee] accountable for the theft of [appellant's] Kel-tec .32 caliber pistol as the first step in [appellee's] character

assassination campaign.  Further error and abuse of discretion came in not accounting for the stolen weapon as part of recovery of [appellant's] personal property at the divorce's resolution.

### III.    Law and Analysis

### Lack of Transcript: Regularity Presumed

{¶ 14} Initially, we note that appellant has failed to make a transcript of the trial court proceedings a part of the appellate record as required by App.R. 9(B).  It is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision.  *Id.*; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).  "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.*, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Appellant's failure to comply with App.R. 9 and his failure to fulfill his duty to file the parts of the transcript that are necessary to enable this court to evaluate the trial court's judgment cannot be excused on the basis that he is acting pro se.  *State Farm Mut. Auto. Ins. Co. v. Williams*, 8th Dist. Cuyahoga No. 107951, 2019-Ohio-4059, ¶ 31.

{¶ 15} Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court must presume regularity in the trial court's proceedings. *Knapp* at *id.* ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower

court's proceedings, and affirm."). This means that we must "presume that the trial court considered all the evidence and arguments raised" and that sufficient evidence was presented to support the trial court's decision. *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.); *Bartko v. Bartko*, 8th Dist. Cuyahoga No. 109272, 2020-Ohio-4302, ¶ 15, citing *Bakhtiar v. Saghafi*, 2016-Ohio-8052, 75 N.E.3d 801, ¶ 3 (8th Dist.) ("In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision.").

{¶ 16} In other words, without a transcript (or statement of the evidence or proceedings), we have no basis upon which to review appellant's assignments of error to the extent they concern factual disputes. *Fennell v. DeMichiei*, 8th Dist. Cuyahoga No. 106966, 2019-Ohio-252, ¶ 11 ("[B]ecause [appellant] did not file a transcript of either the August 2017 or February 2018 hearings, we are unable to review her arguments to the extent they relate to factual disputes."); *In re Sparks*, 12th Dist. Butler No. CA2002-04-086, 2003-Ohio-2008, ¶ 4 (appellate court could not determine whether trial court's judgment was against the manifest weight of the evidence where appellant failed to file the pertinent trial transcript or a statement of evidence). Instead, we must accept the trial court's factual findings as true and limit our review to the trial court's legal conclusions, i.e., the trial court's application of the law to the facts. *Di Fiore v. Booker*, 8th Dist. Cuyahoga No. 108946, 2020-Ohio-3188, ¶ 18-19; *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8,

citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶ 8.

**Custody Determination**

{¶ 17} Appellant's first assignment of error challenges the trial court's decision to grant appellee sole custody of the parties' children and afford him no visitation.

{¶ 18} An appellate court cannot reverse a trial court's custody determination in a divorce proceeding absent an abuse of discretion. *Rowe v. Franklin*, 105 Ohio App.3d 176, 181, 663 N.E.2d 955 (1st Dist.1995). An abuse of discretion implies that a trial court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Rowe* at *id.*, quoting *AAAA Ent., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 19} When determining which parent should have custody of minor children in a divorce proceeding, a trial court is required to consider the best interests of the children. *Rowe* at 178-179, citing R.C. 3109.04(F). R.C. 3109.04(F) lists the relevant factors in determining the best interests of the child, but these statutory factors are not all-inclusive. *Rowe* at 179; *see also* R.C. 3105.21(A).

{¶ 20} The trial court considered the R.C. 3109.04(F) factors and stated in the divorce decree the following:

The Court finds that it is in the best interest of the minor children that [appellee] be designated residential parent and legal custodian. In determining the best interest of the children in allocating parental rights and responsibilities, the Court has considered all relevant factors, including but not limited to, the factors set forth in Ohio Revised Code [section] 3109.04(F).

{¶ 21} Without the transcript of the divorce trial, we presume the regularity of the proceeding. Further, appellant failed to appear at trial to contest appellee's allegations made throughout the pendency of the case. On the record before us, the trial court did not abuse its discretion in making its custody determination. The first assignment of error is therefore overruled.

**Division of Property**

{¶ 22} In his second and third assignments of error, appellant challenges the trial court's decision to award three life insurance policies to appellee. In reaching this decision, the trial court reasoned as follows:

The Court finds that the above division of property, though not equal, is equitable for the following reasons: After the parties separated, [appellant] without mutual agreement, removed [appellee's] paycheck from the parties' joint bank account; [appellant] has failed to provide any financial support to [appellee] and/or the minor children of the marriage; [appellee] has been designated as the sole residential and legal custodian of the minor children; [appellant] is in arrears on the temporary child support and cash medical support order; [appellant] alleged in open court he cannot maintain employment at the present time due to his health leaving [appellee] to provide for the children entirely on her own; [appellant] has been designated as the child support obligee and insurance on his life is needed to insure said payment obligation of child support.

{¶ 23} The trial court's decision regarding the division of the parties' property is supported by competent, credible evidence. Namely, the court reasoned that it awarded the insurance policies to appellee because she was the sole provider

for the children and appellant had previously indicated that he was unable to work for health reasons. Thus, the trial court did not abuse its discretion in its division of property and the second and third assignments of error are overruled.

**Child Support**

{¶ 24} In his fourth assignment of error, appellant contends that the trial court abused its discretion in its calculation of support awarded to appellee.

{¶ 25} The record demonstrates that appellee filed a motion for child support in November 2020, and the magistrate granted the motion in February 2021, ordering appellant to pay $196.71 per month. Appellant did not file objections to the magistrate's decision. In its divorce decree, the trial court adopted the magistrate's decision. The court further ordered that appellant pay $25 per month for arrears.

{¶ 26} Civ.R. 53 provides in relevant part that

[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv).

{¶ 27} The Supreme Court of Ohio has firmly adhered to this procedural mandate. *In State ex rel. Findlay Industries v. Indus. Comm.*, 121 Ohio St.3d 517, 2009-Ohio-1674, 905 N.E.2d 1202, the court dismissed an appeal from a magistrate's decision and affirmed the lower court's judgment, finding "[a]ppellant's arguments derive directly from the conclusions of law provided in the magistrate's

decision.  Appellant, however, did not object to those conclusions as Civ.R. 53(D)(3)(b) requires.  Thus, * * * we can proceed no further." *Id.* at ¶ 3.

{¶ 28} Consequently, we are left only to assess the issue of child support for plain error.  *Lavelle v. Lavelle*, 10th Dist. Franklin No. 12AP-159, 2012-Ohio-6197, ¶ 8.  In doing so, we exercise caution and find plain error only in "extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material, adverse effect on the character of, and public confidence in, judicial proceedings." *In re Moore*, 10th Dist. Franklin No. 04AP-299, 2005-Ohio- 747, ¶ 8, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997).

{¶ 29} Appellant claims that the trial court made its child support award based on appellee's "perjurious financial affidavit."  In addition to our limitation by plain error review, we are limited by the lack of a transcript and the absence of opposing evidence introduced at trial by appellant.

{¶ 30} The record before us does not support appellant's claim.  It demonstrates that after the magistrate's February 2021 decision, the issue of child support was revisited upon appellee's request under Civ.R. 75(N)(2).  A hearing was held on appellee's request and the record demonstrates that appellant was present.  After the presentation of evidence and hearing the parties' arguments, the magistrate kept the same $196.71 child support amount.  The magistrate's June 1, 2021 decision noted that it considered the following evidence:  health insurance affidavits, income and expense affidavits, recent pay stubs, W-2 wage and tax

statements, 1099 forms, an employment letter for appellant, an employment termination letter for appellant, and appellant's affidavit.  Again, appellant did not file objections to the June 2021 magistrate's decision, and the trial court adopted it in its final judgment.

{¶ 31} On review of the record before us, there was no error, plain or otherwise, relative to the child support order.  The child support order was supported by competent, credible evidence.  The trial court did not abuse its discretion in ordering appellant to pay $196.71 plus $25 in arrears per month for two children.  The fourth assignment of error is overruled.

**Alleged Contempt and Misconduct of Appellee**

{¶ 32} In his fifth and sixth assignments of error, appellant argues that the trial court abused its discretion by not holding appellee in contempt for instances of alleged misconduct.  Appellant filed several motions for an order of contempt against appellee and the trial court denied them.

{¶ 33} Appellant's notice of appeal states that he is appealing the trial court's November 18, 2021 judgment entry of divorce and attached only that judgment. Loc.App.R. 3(B)(1) requires that

> [t]he notice of appeal must individually name each party taking the appeal and must have attached to it a copy of the judgment or order appealed from (journal entry) signed by the trial judge and time-stamped with the date of receipt by the clerk.

{¶ 34} However, the rule further provides that "[t]he subject attachments are not jurisdictional but their omission may be the basis for a dismissal."  *Id.*

Irrespective of appellant's failure to attach the subject judgments to his notice of appeal, we find no abuse of discretion in the court's decision to deny appellant's motions for contempt. There is no indication that the trial court's denial of appellant's motions affected the ultimate outcome in this case. The fifth and sixth assignments of error are overruled.

**Alleged Theft of Weapon**

{¶ 35} For his final assignment of error, appellant contends that the trial court abused its discretion by failing to hold appellee accountable for the theft of his Kel-tec pistol.

{¶ 36} In reference to this alleged theft, appellant cites to a motion he filed after the trial court issued its divorce decree and after appellant filed his notice of appeal. Appellant voluntarily chose to not participate in the trial in this case; he has forfeited his right to now challenge this alleged theft on appeal. *See Goldfuss*, 79 Ohio St.3d at 121, 679 N.E.2d 1099 (The failure to timely advise a trial court of a possible error, whether by objection or otherwise, generally results in a forfeiture of the issue for purposes of appeal.).

{¶ 37} In light of the above, the seventh assignment of error is without merit and hereby overruled.

**IV. Conclusion**

{¶ 38} Appellant voluntarily chose to not participate in many of the trial court proceedings, including court-ordered FES and the trial. He has failed to make the transcripts of the proceedings a part of the appellate record, and we are required

to presume the regularity of the proceedings.  Our review of the limited record demonstrates that the trial court's findings are supported by competent, credible evidence and the trial court did not abuse its discretion in any of its findings.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE


_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE


_____
KATHLEEN ANN KEOUGH, JUDGE