JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Elroy Portis ("Portis") appeals from the decision of the Cuyahoga County Court of Common Pleas granting summary judgment against him in favor of Greyhound Lines, Inc. ("Greyhound"). Finding no error in the proceedings below, we affirm.
 {¶ 3} The following facts give rise to this appeal. On June 10, 2002 Portis filed a complaint against Greyhound alleging a Greyhound employee had committed an assault and battery on him on January 21, 2000. The trial court granted Greyhound's motion for dismissal, citing the one-year statute of limitations applicable to Portis's claim. Portis's complaint was dismissed "with prejudice."
 {¶ 4} Following that dismissal, Portis filed a Civ.R. 60(B) motion for relief from judgment. He argued that his previous counsel had mistakenly inserted the date of January 21, 2000 as the date of the incident when the date should have been January 21, 2001. As this new date was still outside the statute of limitations applicable to Portis's claim, the motion was denied.
 {¶ 5} On January 21, 2003, Portis filed a second complaint based upon the same facts containing a claim for assault and battery (as in the first complaint) and a new claim for negligent hiring and/or supervision. Greyhound moved for summary judgment on both counts, claiming res judicata barred all claims arising from the January 21, 2001 incident. The trial court granted Greyhound's motion. From that decision of the trial court, Portis appeals and advances one assignment of error for our review.
 {¶ 6} "The trial court erred when it granted appellee's motion for summary judgment."
 {¶ 7} Portis argues the trial court's dismissal of his first complaint was in error because it was "based on an erroneous assumption that January 21, 2000 was the date of [Portis's] injury." Therefore, his argument continues, that erroneous dismissal "with prejudice" of his first complaint improperly operated to preclude his second complaint which included a claim that carried a two-year statute of limitations and was not filed out of time.
 {¶ 8} Our standard of review for summary judgment is the same as that of the trial court. As a result, we review cases de novo. Brown v.Scioto Cty. Bd. of Commr. (1993), 87 Ohio App.3d 704. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Id. at 711.
 {¶ 9} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines the following: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1.
 {¶ 10} The Ohio Supreme Court clarified the summary judgment standard, ruling that the moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. In addition, the nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 11} Portis's claim that there are genuine issues of material fact is without merit. Greyhound is not arguing that an assault and battery did or did not occur. Further, it is not claiming that Portis's claimed date of January 21, 2001 for that incident is incorrect. The arguments here are purely legal and, as such, summary judgment is appropriate if "it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Norris, supra.
 {¶ 12} The statute of limitations for assault and battery is one year. R.C. 2305.111.
 {¶ 13} Portis's first complaint, as written, was barred by the statute of limitations, as it was filed on June 10, 2002 for a claim of assault and battery occurring on January 21, 2000. R.C. 2305.111. Considering Portis's argument in his Civ.R. 60(B) motion following dismissal of his first complaint that the date, as written, was incorrect and should have read "January 21, 2001," the complaint was still barred by the statute of limitations in R.C. 2305.111. Portis's initial complaint was dismissed "with prejudice."
 {¶ 14} "A final judgment of dismissal founded upon a statute of limitation is on the merits and may be the basis for finding of res judicata in a future litigation." Comedi v. Woodall (Dec. 21, 1977), Summit Cty. App. Nos. 8486 and 8516.
 {¶ 15} Portis's second complaint is based upon the identical factual scenario as the first complaint and contains two counts: first, the identical count for assault and battery from the first complaint; second, an additional count of negligence. A cause of action for negligence carries a two-year statute of limitations. R.C. 2305.10. Portis argues his second complaint (or at the very least the second count of negligence in the second complaint), filed two years to the day following the alleged incident, is not barred by the applicable statute of limitations. Greyhound responds by arguing that the dismissal of Portis's first complaint "with prejudice" operates to bar any future claims arising out of the January 21, 2001 incident.
 {¶ 16} Civ.R. 41(B)(3) states that "[an involuntary] dismissal * * * operates as an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies." "If the dismissal is withprejudice, the dismissed action in effect has been adjudicated upon themerits, and an action based on or including the same claim may not be retried. * * * Thus, an action dismissed `with prejudice' is vulnerable to the defense of res judicata." Tower City Properties v. Cuyahoga Cty.Bd. Of Revision (1990), 49 Ohio St.3d 67.
 {¶ 17} Greyhound argues that the doctrine of res judicata operates to bar Portis's second complaint and any subsequent complaints and claims arising from the claimed assault and battery incident on January 21, 2001. We agree.
 {¶ 18} "It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. [T]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Grava v. Parkman Township (1995), 73 Ohio St.3d 379. Therefore, Portis's failure to present a claim for negligence in his first complaint (which was dismissed with prejudice) forever bars him from asserting it or any other claim arising out of the claimed incident on January 21, 2001.
 {¶ 19} While we recognize that the law in this matter necessarily requires a harsh result for Portis, "[r]es judicata * * * is not a procedural rule and its application may not be avoided on the grounds that the result will be harsh * * *." Dean v. Ohio State Hwy. Patrol, Franklin App. No. 02AP-1438, 2003-Ohio-4505. Portis's sole assignment of error is overruled.
Judgment affirmed.
Anthony O. Calabrese, Jr., J., Concurs. Patricia Ann Blackmon,P.J., Concurs in judgment only.