[Cite as *Mims v. Univ. of Toledo Med. Ctr.*, 2017-Ohio-8979.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marie Boyd Mims, Individually, and as Legal Guardian of Daniel Boyd, | : | |
| | : | |
| Plaintiff-Appellant, | | |
| | : | No. 17AP-203 |
| v. | | (Ct. of Cl. No. 2016-00680) |
| | : | |
| University of Toledo Medical Center, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 12, 2017

**On brief:** *Reminger Co., L.P.A., Brian D. Sullivan*, and *Clifford C. Masch*, for appellant. **Argued:** *Clifford C. Masch.*

**On brief:** *Michael DeWine*, Attorney General, and *Anne Berry Strait*, for appellee. **Argued:** *Anne Berry Strait.*

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Marie Boyd Mims, individually and as legal guardian of Daniel Boyd, appeals from the judgment of the Court of Claims of Ohio dismissing her complaint pursuant to Civ.R. 12(B)(6). Because appellant's medical negligence claim is barred by res judicata, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2}   Appellant alleges that on July 17, 2012, Dr. Elsamaloty misread a CT scan of Daniel Boyd, appellant's son.   As a result of that alleged negligence, Boyd suffered hemorrhaging of the brain and cardiac arrest leaving him in a persistent vegetative state. Appellant contends that had Dr. Elsamaloty properly read the CT scan, he would have recognized the malfunctioning shunt that caused the hemorrhaging and action could have been taken to avoid Boyd's injuries.

{¶ 3}   On December 12, 2013, Boyd timely filed an action in the Lucas County Court of Common Pleas asserting a medical negligence claim against Dr. Elsamaloty and the University of Toledo Medical Center ("UT").[1]  Dr. Elsamaloty and UT jointly moved to dismiss the action arguing that only the Court of Claims has jurisdiction over a claim for medical negligence seeking money damages against a state university medical center and its employee.   Apparently in response to the filing of the motion to dismiss, on February 27, 2014, Boyd filed a medical negligence action against UT and Dr. Elsamaloty in the Court of Claims based upon the same factual allegations contained in the Lucas County case.  It is undisputed that the Court of Claims complaint contained no indication that Boyd was seeking an immunity determination for Dr. Elsamaloty.  Boyd also sought and obtained a stay of the Lucas County case.

{¶ 4}   UT filed a Civ.R. 12(B)(6) motion to dismiss/motion for summary judgment in the Court of Claims case arguing that Boyd's medical negligence claim is barred by the one-year statute of limitations contained in R.C. 2743.16 and 2305.113(A).  The Court of Claims granted this motion and entered summary judgment for UT.  The Court of Claims also found that the statute of limitations was not extended by R.C. 2305.19(A), the savings statute, because the Lucas County case, although stayed, was still pending.  Therefore, the savings statute was inapplicable.  The Court of Claims further determined that the statute of limitations was not tolled because Boyd had not been adjudicated incompetent nor did Boyd present proper Civ.R. 56 evidence indicating that he had been confined in a hospital under a diagnosed condition rendering him of unsound mind.  Boyd did not appeal this judgment.   Instead, Boyd filed a Civ.R. 60(B) motion for relief from judgment.   That

---

[1] The Lucas County action was brought in the name of Daniel Boyd apparently because Mims had not yet been named as Boyd's legal guardian.

motion was denied. Boyd then appealed the denial of the motion for relief from judgment.

{¶ 5}    On appeal, Boyd asserted two assignments of error: (1) the Court of Claims erred in granting summary judgment for UT based on the expiration of the statute of limitations; and (2) the Court of Claims erred in denying Boyd's motion for relief from judgment. This court overruled Boyd's first assignment of error on res judicata grounds because Boyd had not appealed the summary judgment in favor of UT. This court overruled Boyd's second assignment of error because he failed to present any admissible evidence from which the Court of Claims could infer that the statute of limitations should have been tolled. Therefore, this court concluded that the Court of Claims did not abuse its discretion in denying Boyd's motion for relief from judgment.

{¶ 6}    Thereafter, appellant, as Boyd's guardian, petitioned the Court of Claims for an immunity determination for Dr. Elsamaloty. The Court of Claims found that Dr. Elsamaloty was entitled to personal immunity, and therefore, the Lucas County Court of Common Pleas lacked jurisdiction over Boyd's still pending claims against Dr. Elsamaloty. As a result of this decision, appellant dismissed the Lucas County case on July 27, 2016.

{¶ 7}    On September 12, 2016, appellant filed an action in the Court of Claims that is the subject of this appeal. Appellant asserted medical negligence claims based upon the same facts that were the basis for the Lucas County case and the previously-filed Court of Claims case. However, appellant also asserted a loss of consortium claim not presented in the previous two actions. In response, UT filed a Civ.R. 12(B)(6) motion to dismiss arguing that appellant's action is barred by res judicata because appellant's medical negligence claim was previously adjudicated based upon the expiration of the applicable statute of limitations. Because summary judgment had previously been entered in UT's favor based upon the expiration of the statute of limitations, res judicata barred appellant's reassertion of the same claim against UT. The Court of Claims also dismissed appellant's loss of consortium claim as barred by the statute of limitations. In granting UT's motion to dismiss, the Court of Claims rejected appellant's argument that res judicata did not apply because the dismissal of the Lucas County case triggered the application of the savings statute.

{¶ 8}  Appellant appeals assigning the following error:

> The Court of Claims incorrectly dismissed Ms. Mims' complaint.

## LEGAL ANALYSIS

{¶ 9}  We review a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.  "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint."  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).  In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery.  *Id.*, *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.  In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all the allegations of the complaint and make all reasonable inferences in favor of the nonmoving party.  *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).

{¶ 10}  In her sole assignment of error, appellant contends that the Court of Claims erred when it dismissed her complaint based on res judicata.  We disagree.

{¶ 11}  The doctrine of res judicata stands for the principle that a valid, final judgment rendered on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus.  There are four requirements for res judicata to apply:  (1) there is a proper valid judgment on the merits; (2) the second action involved the same parties or their privies as the first action; (3) the second action raises claims that were or could have been litigated in the prior action; and (4) both actions arose out of the same transaction or occurrence.  *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, ¶ 13 (10th Dist.).

{¶ 12}  The requirements for the application of res judicata are present in this case. It is undisputed that in Boyd's first Court of Claims case, summary judgment was entered in favor of UT based upon the expiration of the applicable statute of limitations.  A judgment premised on the expiration of the statute of limitations is a judgment on the

merits. *LaBarbera v. Batsch*, 10 Ohio St.2d 106 (1967), syllabus; *Lewis v. Hayes*, 10th Dist. No. 08AP-574, 2009-Ohio-640, ¶ 26. Therefore, the judgment entered in favor of UT in the first Court of Claims action is a judgment on the merits. Moreover, Boyd did not appeal this judgment.

{¶ 13} It is also undisputed that the case at bar involves the same parties or their privies as the first Court of Claims case. The first Court of Claims case was brought in the name of Daniel Boyd, apparently because appellant had not yet been appointed his guardian. Appellant filed the instant case in her capacity as guardian of Daniel Boyd. It is also undisputed that appellant alleges the identical medical negligence claim against UT in the case at bar as alleged in the first Court of Claims case and that both cases arise out of the same set of operative facts. As noted above, summary judgment was granted in UT's favor on this claim based upon the expiration of the statute of limitations. Therefore, the parties are in privity, and the requirements for res judicata have been satisfied. As a consequence, res judicata bars appellant's medical negligence claim.

{¶ 14} In an effort to avoid the application of res judicata, appellant argues that because she filed the instant action within one year of dismissing the Lucas County case, the savings statute precludes the application of res judicata. Again, we disagree.

{¶ 15} The Supreme Court of Ohio in *LaBarbera* expressly rejected the argument that the savings statute, R.C. 2305.19, permits the relitigation of a claim that would otherwise be barred by res judicata. *LaBarbera* at 113 (noting that the application of the savings statute would be directly contrary to the policy of res judicata and statutes of limitations). We also note that under the savings statute, the prior dismissal must be "otherwise than upon the merits." R.C. 2305.19. Appellant's focus on her dismissal of the Lucas County case is misplaced. As previously noted, the judgment rendered in favor of UT in the first Court of Claims case was on the merits. That judgment was entered and affirmed on appeal before appellant dismissed the Lucas County case. Therefore, res judicata applies and the savings statute is inapplicable. *LaBarbera*.

{¶ 16} Appellant also argues that the interests of fairness and justice mitigate against the application of res judicata to preclude her otherwise timely refiled lawsuit. However, the premise of appellant's argument is false. As previously noted, the first Court of Claims case was filed after the applicable statute of limitations had expired. To accept

appellant's argument would eviscerate the policies underlying statute of limitations and res judicata. *LaBarbera* at 113. We also note that nothing prevented appellant from timely filing a complaint in the first Court of Claims action.

{¶ 17} For these reasons, we overrule appellant's assignment of error and affirm the judgment of the Court of Claims of Ohio.[2]

*Judgment affirmed.*

TYACK, P.J., and DORRIAN, J., concur.

---

[2] We recognize that the case at bar contains a loss of consortium claim that was not asserted in the first Court of Claims suit. Noting that a loss of consortium claim is a derivative claim of appellant's medical negligence claim, the Court of Claims dismissed it as barred by the statute of limitations. Appellant has not challenged this aspect of the lower court's judgment.