[Cite as *Dueck v. Kerrigan*, 2025-Ohio-1253.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

ARTHUR P. DUECK, ET AL.,  :

    Plaintiffs-Appellants,  :

                              No. 113865

    v.  :

JOSEPH KERRIGAN, TRUSTEE,
CLIFTON PARK TRUST, ET AL.,  :

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2020-ADV-252778

---

### *Appearances:*

Hahn, Loeser & Parks, LLP, Dennis R. Rose, Casey J. McElfresh, and Alexa R. Civittolo, *for appellants*.

Reminger Co., L.P.A., Julian T. Emerson, Brianna M. Prislipsky; The Law Offices of Adam M. Fried, LLC, and Adam M. Fried, *for appellee* The Clifton Club Company.

Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Terry J. Evans, and Leigh A. Maxa, *for appellees* Trustees of the Clifton Park Trust, Joseph Kerrigan, Mary Ellen Fraser, Robert Frost, Warren Coleman, Ryan Meany, and James M. Seibert.

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiffs-appellants Arthur P. Dueck ("Dueck"), Paul A. Bjorn ("Bjorn"), Nancy Binder ("Binder"), and William R. Keller ("Keller") (collectively "appellants" or "appellant lot owners"), appeal the trial court's March 28, 2024 order that (1) granted summary judgment on behalf of defendants-appellees The Clifton Club Company ("Clifton Club") and Clifton Park Trust Trustees ("Trustees"), (2) denied appellants' motion for summary judgment, and (3) denied appellants' motion for reconsideration of the dismissal with prejudice of Count 2 of the first amended complaint. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This is the third appeal filed by the appellants involving a dispute about the use of Clifton Park Beach and, therefore, we reference excerpts from the prior appeals as background for this case.

> Appellants are lot owners in the Clifton Park Allotment in Lakewood, Ohio ("Clifton Park"), a residential area owned and developed in the 1800s by the Clifton Park Association ("Clifton Park Association"), predecessors in interest to the Clifton Park Land & Improvement Company ("Land Company"). In 1912, the Land Company placed the Clifton Park private park and beach area (collectively the "Beach") into a trust ("Trust") for the use and enjoyment of all Clifton Park lot owners, vesting lot owners with the legal status of Trust beneficiaries ("Beneficiaries").

*Dueck v. Clifton Club Co.*, 2017-Ohio-7161, ¶ 2 (8th Dist.) ("*Dueck I*"). The Trust Deed conveyed the Beach to five trustees who were to hold the Beach in trust for the use and benefit of the Clifton Park lot owners — Beneficiaries — and collect an annual assessment from them to maintain the Beach property.

**{¶ 3}** "The Clifton Club, a social club operating in Clifton Park since 1902, is a members-only establishment." *Dueck I* at ¶ 2. Membership at the Clifton Club is open to nonresidents of Clifton Park ("Club Members") as well as lot owner Beneficiaries. The Clifton Club initially leased sublots 38, 39, 40, and 41 ("the Club Lots") from the Land Company pursuant to the Club Lease. After creation of the Trust in 1912, the Clifton Club succeeded the Land Company as owner of the Club Lots. As a lot owner, the Clifton Club is a Beneficiary of the Trust. Starting in 1942, the Clifton Club made annual payments to the Trustees for Club Members' use of the Beach. "The Club Lease limit[ed] Clifton Club membership to 250 members unless the Land Company or its successors g[a]ve consent to increase membership." *Dueck I* at ¶ 9.

**{¶ 4}** Throughout the years, Clifton Club's membership has allegedly grown and resulted in crowded beach and parking conditions that led to the appeals in *Dueck I*, *Dueck v. Kerrigan*, 2019-Ohio-4784, ¶ 2 (8th Dist.) ("*Dueck II*"), and the current appeal ("*Dueck III*").

### A. 2012 Declaratory Judgment Action – *Dueck I*

**{¶ 5}** In 2012, appellant lot owners filed the first lawsuit, a declaratory action asking the court to determine whether Club Members — members of Clifton Club who are not resident lot owners — are Beneficiaries under the Trust and entitled to Beach access and status equal to the lot owner Beneficiaries. The Trustees filed a motion for summary judgment, and the trial court found

the Clifton Club, as a lot owner, is a Beneficiary "bound by the Trustees' regulation of Trust property." While finding that the Trust Deed stands alone for interpretation purposes, the trial court cited the portions of the Club Deed, and the Club Lease, to support its findings as to the Land Company's intent in forming the Trust. The trial court rejected [the appellant lot owners'] argument that the Land Company could not grant a greater right to use the Beach via the Club Deed, because the Land Company no longer had authority over the Beach, which had already been placed in Trust.

The trial court took judicial notice of dicta from *Wallace v. Clifton Land Co.*, 92 Ohio St. 349, 110 N.E. 940 (1915), for the premise that the Clifton Club membership has never been restricted to lot owners. [. . .] *Id.* at 359. The trial court concluded that it was "illogical to reason" that the rights of the Clifton Club as lot owners to "use" the Beach did not vest the same "privilege" in its members, finding there is nothing in the Trust Deed to suggest that the resident Club Members could have access, but the nonresident Members could not. Since the Clifton Club has been in existence since 1902, the trial court held that it does not make sense to think that the Land Company conveyed the Beach without intending that the Club Members have access.

Based on the foregoing, the trial court determined that, due to the status of the Clifton Club as a Beneficiary, "the Clifton Club, and through it, all of its members, has a legal right to use Trust property, including the beach, subject to the regulations and restrictions as set forth in the Trust Deed and Club Deed."

*Dueck I* at ¶ 31-33.

{¶ 6} Pursuant to this finding, the trial court granted the Trustees' motion for summary judgment, and the appellant lot owners appealed that order in *Dueck I*.[1] The appellant lot owners argued that the trial court erred when it (1) granted the Trustees' summary judgment motion, (2) refused to remove the Trustees, and (3) denied the appellant lot owners' motion for attorney fees.

---

[1] In *Dueck I*, the appellant lot owners were Dueck, Todd Gilmore ("Gilmore"), Binder, and Keller.

{¶ 7}  In *Dueck I*, this court found the language of the trust was ambiguous and it was necessary to look at extrinsic evidence to determine the settlor's intent regarding the scope of the Clifton Club's use of the beach.  *Dueck I* at ¶ 58.  This court analyzed the Trust Deed, Club Lease, Club Deed, and the relationships of the parties and found

> a historical understanding by the Trustees and Clifton Club that the Club Members' right to access the Beach is permissive, and that the Trustees have full authority to regulate Beach access.  The Club Lease, capping the membership number subject to the settlors' consent, confirms that the Clifton Club's use, even as a direct Beneficiary, is not unfettered, particularly since the purpose of the Trust is to allow the lot owners to enjoy the Beach.

*Dueck I* at ¶ 66-67.  Because the *Dueck I* Court found the Club Members were not Beneficiaries under the Trust, it determined the trial court erred when it granted summary judgment on behalf of the Trustees.  The *Dueck I* Court further found that even though Club Members do not have legal right of access to the Beach as Beneficiaries, they have a permissive right to use the Beach subject to the permission and regulation of the Trustees.

{¶ 8}  The *Dueck I* Court also determined the Trustees breached their duty of impartiality and duty to inform and report, and, therefore, required the Trustees to pay appellants their reasonable costs, expenses, and attorney fees associated with the declaratory action.  Thus, the matter was reversed and remanded.

## B. 2018 Complaint — *Dueck II*

{¶ 9}  Following *Dueck I*, the Trustees continued to grant Club Members permissive access to the Beach in exchange for the Club's annual fee and subject to

the Trustees' authority that included new regulations for beach access. In May 2018, the appellant lot owners filed a second lawsuit and, pursuant to their second amended complaint, they presented three counts:

> Count 1 request[ed] an injunction under R.C. 5810.01(B) to prevent the Trustees from granting the permissive rights to the Club Members contained in the rules without the unanimous consent of the Beneficiaries because the conduct is a breach of the Trust and the Trustees' fiduciary duties. Appellants also pay[ed] for costs, expenses, and attorney fees pursuant to R.C. 5810.04.

> Count 2 of the second amended complaint assert[ed] that the Trustees breached their fiduciary duties by implementing rules that provide[d] the Club Members with greater access and rights to use the Beach than the Beneficiaries. Appellants [sought] an injunction under R.C. 5810.01(B) and costs, expenses, and attorney fees under R.C. 5810.04.

> Count 3 allege[d] that the Trustees breached their fiduciary duties by creating rules that reduced the common use of the Beneficiaries to 60 percent of portions of the Beach. Appellants [sought] an injunction under R.C. 5810.01(B) and costs, expenses and attorney fees under R.C. 5810.04.

*Dueck II* at ¶ 6-8. [2]

{¶ 10} On May 15, 2018, the appellant lot owners filed a motion for temporary restraining order ("TRO") to enjoin the Trustees from implementing the rules for the 2018 beach season. The record indicated that access to the Beach was granted to 224 Club Members, which was the same number as over the prior five years. On the same date, the Trustees also filed a motion to dismiss Count 1 of the second amended complaint, arguing the issues were barred by res judicata and

---

[2] The appellant lot owners in *Dueck II* were Dueck, Bjorn, Binder, and Keller.

seeking dismissal of all other counts for failure to join indispensable and necessary parties.

{¶ 11} In ruling on the Trustees' motion for dismissal, the trial court determined that Count 1 of the appellant lot owners' second amended complaint sought relief

"due to an alleged breach of fiduciary duty by the Defendant Trustees for permitting Clifton Club Members a permissive right to use the Beach and Beach Property equal to the rights of the Trust beneficiaries without the unanimous consent of the Clifton Park lot owners. Although Plaintiffs allege a breach of fiduciary duty by the Defendant Trustees, the alleged breach in Count 1 of the Complaint is based on the assertion that Clifton Club Members do not have the right to access the Beach and Beach Property without unanimous consent of the Clifton Park lot owners."

*Dueck II* at ¶ 19, quoting Nov. 20, 2018 amended judgment entry. The trial court further found the claim of unanimous consent was without merit:

"Clifton Club is a lot owner and is therefore a direct beneficiary under the Trust. Further, as the Eighth District Court of Appeals previously held, the Clifton Club Members have a permissive right to access the Beach and Beach Property. *Id*. at ¶ 126. Because the Clifton Club is a direct beneficiary to the Trust and Club Members have a permissive right to access the Beach and Beach Property, Plaintiffs have failed to establish how the access granted to the Clifton Club Members constitutes a public use; because the access to the Beach and Beach Property permitted and regulated by Defendant Trustees to the Club Members does not qualify as a public use, unanimous consent of the lot owners is therefore not required."

*Id*.

{¶ 12} The trial court granted dismissal of Count 1 on the basis of res judicata and declined to dismiss Counts 2 and 3 that alleged the Trustees breached their fiduciary duties. Counts 2 and 3 were not adjudicated by the trial court. The court

expressly advised that appellant lot owners could amend their complaint to remove Count 1's allegations that Club Members lacked a permissive right and their use constituted a public use.

{¶ 13} Appellant lot owners chose not to amend the complaint but appealed the trial court's dismissal of Count 1, arguing the doctrine of res judicata did not apply. This court determined in *Dueck II* that the issue raised in Count 1 — the Club Members' permissive right to access the Beach as regulated by the Trustees — was barred by res judicata. This court also stated that its decision "in *Dueck I* does not impact the duty of the Trustees to administer the Trust equitably and according to its terms as well as impartially where there are multiple beneficiaries. R.C. 5808.02." *Dueck II* at ¶ 49.

{¶ 14} Following the decision in *Dueck II*, the case continued before the trial court, and the court granted appellant lot owners leave to file an amended complaint and to join all Beneficiaries as necessary parties. On June 16, 2020, the appellant lot owners moved for leave to file a third amended complaint. Count 1 of the third amended complaint alleged Club Members are entitled to use the Beach within Clifton Club's rights as a Beneficiary so that only one Club Member family may use the Beach at any given time and the issuance of 224 use licenses to the Clifton Club is a breach of the Trustees' fiduciary duty. Count 2 sought modification of the Trust. On June 29, 2020, the appellant lot owners voluntarily dismissed the lawsuit without prejudice pursuant to Civ.R. 41(A)(1)(a).

## C. 2020 Complaint — Current Appeal

{¶ 15} Following the appellant lot owners' voluntary dismissal of the complaint that was the subject of *Dueck II*, they promptly filed another complaint in July 2020, and their first amended complaint on September 23, 2022.[3] Count 1 of the appellant lot owners' first amended complaint reads, in pertinent part:

> 203. The trustees owe a duty to administer the Trust Deed according to its terms.
>
> 204. The trustees owe a duty to administer the Trust Deed solely in the interests of the beneficiaries, the lot owners in Clifton Park.
>
> 205. The trustees owe a duty of loyalty to the Trust beneficiaries.
>
> 206. The trustees owe a duty to the Trust beneficiaries to take reasonable steps to take control of and protect the Trust Property.
>
> 207. The trustees owe a duty to the Trust beneficiaries to act impartially in managing the Trust Property, including the Beach and Beach Property, according to the Trust's terms and the settlor's intent.
>
> 208. The Trust Deed does not contain any terms indicating that any one Trust beneficiary has a greater right to use the Trust Property, including the Beach or the Beach Property, than any other Trust beneficiary.
>
> 209. The settlor's intent is that the conveyance was "for the sole use and benefit of all owners of sublots, or parts of lots, in the Clifton Park Allotment."
>
> 210. The Club does not have any greater rights to use the Trust Property, including the Beach or Beach Property, than any other individual Resident Beneficiary.
>
> 211. The Club, as a beneficiary, is entitled to utilize the Beach and Beach Property in a manner equal to any other beneficiary, and as its

---

[3] Count I of the appellant lot owners' third amended complaint filed in *Dueck II* is identical to Count 1 of the appellant lot owners' first amended complaint that is the subject of the current appeal.

members derive a permissive right from their membership but have no rights as beneficiaries or otherwise within the trust, the Club Members are entitled use the Club's beach access within the limits of the Club's rights as a beneficiary, one Club Member family at any given time.

212. Instead of administering the Trust impartially according to its terms and intent, the Trustees have sold the Club 224 extra fee-based use rights so that Club Members can use the Beach and Beach Property.

213. This Trustee Preferential Action has made the Club a "super user" beneficiary and violated the Trustees' fiduciary duties, including the duty to administer the Trust equitably, impartially and according to its terms, where there are multiple beneficiaries.

214. Granting all Club Members the same rights as the beneficiaries and adding otherwise unjustified restriction on Beach use by 204 Resident Beneficiaries, makes the Club Members de facto beneficiaries and deprives the beneficiaries of their deeded rights.

215. Making the Club Members de facto beneficiaries as well as disenfranchising the beneficiaries of their rights is a breach of fiduciary duty.

216. Under R.C. 5810.01(B), the Court should enjoin the trustees from: (a) selling or granting the Club rights to use the Beach or Beach Property, Beach House reservations, parking guest passes, parking spaces, and/or picnic table reservations that are greater than any other individual Resident Beneficiary, (b) making rules for non-beneficiaries of the Trust that grant them the same or essentially equivalent use rights as a true beneficiary, and (c) making rules to reduce lot owners use that intend to or have the effect of accommodating use by non-beneficiaries, and (d) charging the Club assessments that do not conform with the Trust or collecting assessment in a manner not identical to other lot owners.

217. Under R.C. 5810.04, the Court should also award Plaintiffs their costs, expenses, and attorney fees to be paid by the 2018 Trustees.

{¶ 16} Appellants claimed through Count 1 that the Trustees could grant only one license to each Beneficiary so that the Clifton Club could be granted only one license to sell to potential nonresident members. Count 1 of the first amended

complaint alleged that the Trustees issued preferential fee-based licenses to 224 Club Members thereby breaching their fiduciary duties.[4] Appellants further claimed in Count 2 that the "sale of additional . . . [u]se [l]icenses to the Club require[d] the reformation of the Trust . . . ." Complaint at ¶ 228.

{¶ 17} On October 7, 2022, the Trustees filed a motion to dismiss appellants' first amended complaint on the grounds of res judicata and the complaint's failure to allege an injury; Clifton Club joined the motion. On April 17, 2023, the trial court issued a detailed judgment entry granting the motion to dismiss pursuant to res judicata, on all issues except the portion of the first amended complaint that asserted the Trustees breached their fiduciary duties by failing to treat the Resident Beneficiaries equally, impartially, and equitably:

> The Court therefore finds that the Clifton Park Trustees' Motion to Dismiss should be Granted in part and denied in part. Plaintiffs' First Amended Complaint should be dismissed with prejudice to the extent that the only claim remaining before this Court is Count [1] in part. As this Court previously stated, the Settlors of the Trust contemplate Clifton Club having up to 250 members and intended for said Club Members to access and use the Beach and Beach property, for an annual fee, with regulatory oversight by the Trustees. As the matter of Beach access has been previously determined by the Court, the only remaining issue before the Court is whether the Trustees have breached their fiduciary duties of treating the beneficiaries equally, impartially, and equitably when enacting and enforcing the rules and regulations surrounding the use of the Beach and Beach property including vehicle, beach guests, picnic table, and beach home restrictions.

April 17, 2023 judgment entry, p. 8-9. The trial court dismissed Count 2 of the first amended complaint — modification of the Trust — finding a modification of the trust

---

[4] The appellant lot owners in the 2020 complaint are Dueck, Bjorn, Binder, and Keller.

was not needed and was barred by res judicata. The case proceeded on the single issue of whether the Trustees breached their fiduciary duties by failing to treat the Residential Beneficiaries equally, impartially, and equitably.

{¶ 18} All parties filed competing motions for summary judgment in November 2023. The Clifton Club's motion argued (1) the issue of whether the Trustees were authorized to permit Club Members access to the Beach was resolved in *Dueck I* and *Dueck II* and, thus, the appellant lot owners could not attempt to enjoin the Trustees from issuing permissive licenses to Clifton Club, and (2) the Trustees did not breach their fiduciary duty. The Trustees' motion argued the first amended complaint sought injunctive relief from the Trustees' actions in 2017 and 2018 and, because the 2017 and 2018 beach seasons had passed, the appellant lot owners' request for injunctive relief was moot. The Trustees also argued they were entitled to summary judgment because (1) the appellant lot owners cannot establish an injury, (2) the appellant lot owners' remaining claims are barred by res judicata, and (3) the Trustees reasonably relied on the terms of the Trust and the court's interpretation of the Trust.

{¶ 19} Appellant lot owners' motion for summary judgment argued the Trustees' sale of 224 use licenses to the Clifton Club constituted preferential treatment of one Beneficiary over the other 204 Beneficiaries, which violates their fiduciary duties. The Clifton Club has the rights of a single lot owner, not 224 Beneficiaries. The appellant lot owners argued that "[i]n turn, the sale of the 224 extra Non-beneficiary Use Licenses to the Club coupled with the rules and

restrictions imposed on the individual Resident Beneficiaries to accommodate the Club Members' use elevates the Club to super beneficiary status and turns those Club Members into *de facto beneficiaries,* further violat[ing] Trustees' fiduciary duties." Appellants' motion for summary judgment against Trustees, p. 2. Appellant lot owners further argued they are litigating "whether the rules implemented by the 2018 Trustees impermissibly favor the Club and exceed the scope of its single beneficiary use the Club is entitled to as provided by the Trust." Appellants' reply brief to Trustees' brief in opposition, p. 12.

{¶ 20} On December 22, 2023, appellant lot owners also filed a motion for reconsideration of the trial court's dismissal with prejudice of Count 2 of their amended complaint that sought modification of the Trust.

{¶ 21} The trial court heard oral arguments on the summary judgment motions on January 10, 2024. On March 28, 2024, the trial court issued a thorough judgment entry granting Clifton Club's and the Trustees' motions for summary judgment and denying Plaintiffs' summary judgment motion and motion for reconsideration.

{¶ 22} As to the motions for summary judgment, the trial court found

Plaintiffs allege that the Trustees have sold Clifton Club 224 "non-beneficiary Licenses" for use by its members, thereby breaching their fiduciary duty owed to Residential Beneficiaries. However, the Court finds that the claim surrounding Non-beneficiary Licenses is barred by res judicata as this claim is a re-litigation of a point that was actually and directly at issue in the previous *Dueck I* and *Dueck II* matters. Specifically, the Eighth District Court of Appeals previously recognized that Clifton Club members have a permissive right to use the Beach and Beach property. The Eighth District noted that the terms of the Club

Deed, read in conjunction with the Trust Deed, provides that Clifton Club should have access to the Beach for the benefit of its members:

> However, it is clear by the terms of the Trust Deed that the Clifton Club's rights as a Beneficiary are also to be protected, to the extent they comport with the settlors' intent that the conveyance was "for the sole use and benefit of all of the owners of sublots, or parts of lots, in the Clifton Park Allotment." Therefore, we determine that extrinsic evidence is required to determine the settlor's intent regarding the scope of the Clifton Club's use of the Beach, including the Trustees' historical interpretation and administration of the rights accordingly.
>
> The Club Lease capped Clifton Club membership at 250 Club Members. The Club Lease, Trust Deed, and Club Deed indicate an intent that the Clifton Club, as lessees and successor lot owners, have access to the Beach, but that such access was subject to the rules and regulations implemented by the Trustees.

*Dueck I* at ¶ 58-59. Thus, the use of the Beach and Beach property by Clifton Club members has been previously litigated in *Dueck I* and *Dueck II* as it has been determined that Clifton Club members have a permissive right to use the Beach and Beach property.

March 28, 2024 judgment entry, p. 5-6. The trial court also found that even if Count 1 of the amended complaint was not barred by res judicata, Clifton Club's permissive right to use the Beach, as permitted by the Trustees, did not constitute a breach of fiduciary duty.

{¶ 23} In regard to appellant lot owners' motion for reconsideration, the trial court stated the following:

> The Court further finds that this Court dismissed Count [2] of Plaintiffs['] Complaint by way of Judgment Entry issued April 17, 2023, stating that Count [2] was barred by res judicata and a modification of the Trust was not needed, as there has been no material changes that would serve as unanticipated circumstances because the Settlors

"anticipated up to 250 Clifton Club Members that would have a permissive right to access the Beach and Beach property." Plaintiffs now assert that this Court's dismissal was premature, alleging that the Trustees' sale to the Club of 224 Non-beneficiary Licenses was never anticipated, intended, nor permitted, and stands in opposition to the Trust's terms and the Settlor's intent. The Court does not find merit in this assertion and further finds this claim is barred by res judicata. This Court has previously stated that the Settlors of the Trust contemplated Clifton Club having up to 250 members and intended for said Club Members to access and use the Beach and Beach property, for an annual fee, with regulatory oversight by the Trustees. Moreover, as stated herein, the Eighth District Court of Appeals has also held that the Club Members have a permissive right to access the Beach as regulated by the Trustees pursuant to the Trust Deed. The Court therefore finds that Plaintiffs should not be permitted to repeatedly relitigate adversarial matters pertaining to Beach access due to their disagreement with prior holdings of the Court.

March 28, 2024 judgment entry, p. 11-12. Thus, the trial court's March 28, 2024 judgment entry granted Clifton Club's and the Trustees' motions for summary judgment; denied appellants' motion for summary judgment; dismissed appellants' first amended complaint; and denied appellants' motion for reconsideration of the dismissal of Count 2 of the amended complaint.

{¶ 24} On April 26, 2024, appellants filed a timely notice of appeal presenting these assignments of error:

Assignment of Error I: The trial court erred in concluding that res judicata barred Count [1] of the complaint and granting summary judgment in favor of the trustees and the club and denying appellants' motion for summary judgment on that ground.

Assignment of error II: The trial court erred by concluding that the trustees did not breach the trust and their fiduciary duties and granting summary judgment in favor of the trustees and the club and denying plaintiff's motion for summary judgment on those grounds also.

Assignment of error III: The trial court erred by concluding that Count [2] (reformation) was barred by res judicata and that there were insufficient unanticipated circumstances warranting trust reformation.

**Legal Analysis**

**A. Motion for Summary Judgment**

**1. Standard of Review**

{¶ 25} Before a trial court grants a motion for summary judgment, pursuant to Civ.R. 56(C), the court must determine that

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶ 26} On a summary judgment motion, the moving party's initial burden is to identify specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 1996-Ohio-107, ¶ 17-18. If the moving party does not satisfy this burden, summary judgment is not appropriate. If the moving party meets the burden, the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* Where the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 27} An appellate court applies a de novo standard when reviewing a trial court's decision that granted summary judgment. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, ¶ 11 (8th Dist.).

{¶ 28} The Trustees argued they were entitled to summary judgment because (1) appellants' claim was barred by res judicata, (2) appellants could not establish an injury under their breach-of-fiduciary-duty claim, and (3) the Trustees reasonably relied on the terms of the trust and the court's interpretation of the trust. Clifton Club argued in their motion for summary judgment that Club Members are permitted access to the Beach via their membership at the Club and the Trustees did not breach their fiduciary duty where they acted equitably and consistently with the Club Deed, residential deeds, and historical relationships between the parties. Appellant lot owners' summary judgment motion asserted that the Trustees, as fiduciaries, needed to grant permissive use of the Trust property in an equitable and impartial manner and according to the terms of the Trust. The sale of 224 use licenses to one Beneficiary, the Clifton Club, constituted preferential treatment of one Beneficiary over the remaining 204 Beneficiaries and, therefore, violated the Trustees' fiduciary duties.

## 2. Analysis

### (a) Res Judicata

{¶ 29} The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous

action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379 (1995), syllabus. At its foundation, the doctrine of res judicata requires a final order of the court to preclude relitigation of issues that have or could have been raised in a prior proceeding. *Deutsche Bank Natl. Co. v. Caldwell*, 2014-Ohio-2982, ¶ 19 (8th Dist.).

{¶ 30} The doctrine of res judicata encompasses both claim preclusion and issue preclusion. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 1998-Ohio-435, ¶ 13. The Ohio Supreme Court described the tenets of claim preclusion:

> "[C]laim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

*Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 23.

{¶ 31} Issue preclusion prevents parties from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994). Issue preclusion "applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior

action." *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108 (1969), paragraph two of the syllabus.

{¶ 32} Appellant lot owners claim their first amended complaint is not barred by res judicata because the complaint is not premised on the issue resolved in *Dueck I* and *Dueck II* — whether Club Members have permissive use of the Beach. The appellant lot owners contend their lawsuit is based upon "whether the Trustees breached their fiduciary duty to treat the [B]eneficiaries equitably and impartially by elevating the Club's single beneficial right as a [B]eneficiary into 224 Club Members with full beneficiary status." Appellants' brief, p. 23. In support of their position, the appellant lot owners argue that *Dueck I* recognized only that the Trustees must regulate the use of the Trust property pursuant to its fiduciary duties and that neither *Dueck I* nor *Dueck II* found the Trustees had discretion to sell the Clifton Club 224 use licenses for its Club Members.

{¶ 33} We cannot agree with the appellant lot owners' limited interpretation of the prior litigation in this matter nor do we find a distinction between the causes of action presented in *Dueck I*, *Dueck II*, and the current facts. We find that Count 1 of the appellant lot owners' first amended complaint in *Dueck III* alleges the Trustees' sale of 224 use licenses to the Clifton Club, who in turn sold the licenses to Club Members, is not supported by the Trust and such action constitutes a breach of fiduciary duty. In other words, Count 1 contends the Club Members do not have permissive use of the Beach and its amenities. This was the same issue resolved in *Dueck I* and *Dueck II*.

{¶ 34} This court found in *Dueck I*, through extrinsic evidence, that the Clifton Club may grant permissive access to the Beach to Club Members as regulated by the Trustees. This Court recognized that the parties have operated under a fee arrangement that has been in place for over 70 years, "and that the Clifton Club has paid a mutually agreed upon annual maintenance assessment for the Beach at a higher rate than the formula set forth in the Trust Deed." *Dueck I* at ¶ 65. In *Dueck II*, we reiterated that "the issue of the permissive right of the Club Members to access the Beach as regulated by the Trustees is, indeed, res judicata." *Dueck II* at ¶ 49. This court in *Dueck I* and *Dueck II* determined that Clifton Club has the right, through its status as a Beneficiary, to provide permissive rights to 224 Club Members to access the Beach and its amenities and the Trustees are empowered by the Trust Deed to regulate use of the Beach.

{¶ 35} Both claim and issue preclusion apply here. As to claim preclusion, a prior final, valid decision on the merits was rendered in *Dueck I* and *Dueck II*. The same parties have been involved in the two prior cases as in the current appeal, and the current action is based upon the same substantive facts as the prior lawsuits. The issues raised in Count 1 were or could have been litigated in *Dueck II*. Additionally, the elements of issue preclusion have been satisfied. The issue raised in Count 1 of the first amended complaint — whether the Trustees breached their fiduciary duty when they allowed Clifton Club to grant permissive use of the Beach to 224 Club Members pursuant to its status as a Beneficiary — was directly litigated and decided by this court in *Dueck I* and *Dueck II,* and the same parties were

involved in all three lawsuits. Whether applying claim or issue preclusion, the issue raised in Count 1 of the appellant lot owners' first amended complaint, and addressed in the Trustees' and Clifton Club's motions for summary judgment, is barred by res judicata.

{¶ 36} We find the appellant lot owners' claimed breach of fiduciary duty under Count 1 is simply a rewording of the claim already determined by this court in *Dueck I* and *Dueck II*. The appellants continue to attempt to relitigate whether Club Members should have permissive access to the Beach and, if so, how many Club Members may have access. The prior decisions clearly determined that the Clifton Club may have up to 250 members, including nonresident Club Members, who are granted permissive access to the Beach as regulated by the Trustees. *See Dueck I* and *Dueck II*.

{¶ 37} Appellant lot owners also assert that res judicata does not apply here because this court did not adjudicate Counts 2 and 3 of the underlying complaint in *Dueck II* that addressed the Trustees' breach of fiduciary duties. Appellant lot owners argue that Count 1 of their first amended complaint in *Dueck III* represents the unadjudicated Counts 2 and 3 of *Dueck II* and, therefore, Count 1 is not barred by res judicata.

{¶ 38} In *Dueck II*, the appellant lot owners' Count 1 — not to be confused with Count 1 asserted in the instant action in appellants' first amended complaint — alleged the Trustees breached their fiduciary duty when it granted a permissive right to use the Beach and its amenities to 224 Club Members without unanimous consent

of the residential Beneficiaries. The *Dueck II* Court found Count 1 was barred by res judicata based upon the *Dueck I* decision.

{¶ 39} The *Dueck II* Court further analyzed Counts 2 and 3. Count 2 addressed whether the Trustees breached their fiduciary duty when they implemented rules providing Club Members with greater access and rights to the Beach in comparison to Beneficiaries. Count 3 alleged the Trustees breached their fiduciary duties by implementing rules that reduce the Beneficiaries' use of the Beach. The *Dueck II* Court found the causes of action raised in Counts 2 and 3, which targeted the duty of the Trustees to administer the Trust equitably according to its terms and impartially between the multiple beneficiaries, were not barred by res judicata:

> We find that, as written, Count 1 is based on a false premise because the issue of the permissive right of the Club Members to access the Beach as regulated by the Trustees is, indeed, res judicata. In *Dueck I*, we stated that the Clifton Club, as a lot owner, is a direct Beneficiary of the Trust, that the Club Members possess a permissive right derived solely from Clifton Club's status as a direct Beneficiary, and that the Trustees are empowered by the Trust Deed to regulate the use of the Beach. Our determination in *Dueck I* does not impact the duty of the Trustees to administer the Trust equitably and according to its terms as well as impartially where there are multiple beneficiaries. R.C. 5808.02.

*Dueck II* at ¶ 49.

{¶ 40} Here, appellant lot owners claim that Count 1 of its first amended complaint in *Dueck III* is comparable to Counts 2 and 3 of the underlying complaint in *Dueck II* and, thus, res judicata does not apply in the current case.

{¶ 41} We reviewed Count 1 of the appellant lot owners' first amended complaint in *Dueck III* and find it is not a recap of Counts 2 and 3 that were first raised in *Dueck II*. Count 1 of appellant lot owner's first amended complaint addresses Beach access and contends the Trustees may not allow the Clifton Club to issue 224 use licenses to Club Members because the Club may grant Beach access only to one Club Member family at any given time. Count 1 references "unjustified restrictions on Beach use by 204 Resident Beneficiaries" and seeks to enjoin the Trustees from making rules that preferentially impact non-beneficiaries. However, the underlying allegation in Count 1 is that the Trustees breached their fiduciary duty when they granted 224 use licenses to the Clifton Club for its members' permissive use of the Beach and its amenities. These allegations are simply another attempt by the appellant lot owners to relitigate the Club Members' permissive right to access the Beach as regulated by the Trustees that was determined in *Dueck I* and *Dueck II*.

{¶ 42} Even under appellant lot owners' argument that Count 1 is the same as *Dueck II*'s Counts 2 and 3, we find Count 1 is barred under claim preclusion. Subsequent to the *Dueck II* opinion — that determined, in part, that Club Members' permissive use of the Beach was barred by res judicata — the case continued before the trial court on Counts 2 and 3, the breach of fiduciary claims, until appellant lot owners voluntarily dismissed the complaint. Appellant lot owners then refiled the complaint in *Dueck III*, pursuant to the Ohio savings statute, naming Counts 1 and

2.[5] Assuming appellant lot owners' argument that Count 1 of the first amended complaint in *Dueck III* represents Counts 2 and 3 raised in *Dueck II*, claim preclusion still bars the relitigation of Count 1 where the four elements of claim preclusion are met. Specifically, a prior final, valid decision on the merits was reached in *Dueck II* when this court found Count 1 was barred by the principles of res judicata. *Dueck II* and *Dueck III* involve the same parties and arise from the same set of pertinent facts. Lastly, assuming Count 1 of *Dueck III*'s first amended complaint presents the same allegations as Counts 2 and 3 of *Dueck II*, these claims could have been and, in fact, were raised in *Dueck II*. *See Ullom v. Agoston*, 2022-Ohio-3813 (8th Dist.); *see also Mims v. Univ. of Toledo Med. Ctr.*, 2017-Ohio-8979, ¶ 15 (10th Dist.), citing *La Barbera v. Batsch*, 10 Ohio St.2d 106 (1967)("The Supreme Court of Ohio in *La Barbera* expressly rejected the argument that the savings statute, R.C. 2305.19, permits the relitigation of a claim that would otherwise be barred by res judicata. . . ."). While appellant lot owners may find this conclusion harsh, "'res judicata . . . is not a procedural rule and its application may not be avoided on the grounds that the result will be harsh . . . .'" *Portis v. Greyhound Lines, Inc.*, 2003-Ohio-6044, ¶ 19 (8th Dist.), quoting *Dean v. Ohio State Hwy. Patrol*, 2003-Ohio-4505, ¶ 10 (10th Dist.).

{¶ 43} After a complete review of the record, having construed the uncontroverted evidence in favor of the appellant lot owners, we find there are no

---

[5] *Dueck III*'s Count 2 is not relevant to this portion of our analysis.

genuine issues of fact; the Trustees and the Clifton Club are entitled to judgment as a matter of law; and the evidence can only lead reasonable minds to a conclusion that is adverse to the appellant lot owners. Based upon the foregoing, we find the trial court did not err when it granted summary judgment on behalf of the Trustees and the Clifton Club. Appellant lot owners' first assignment of error is overruled. This court's decision on the first assignment of error renders the appellant lot owners' second assignment of error, challenging the lower court's denial of their motion for summary judgment, moot.

**(b) Trust Modification**

{¶ 44} Appellants' third assignment of error argues the trial court erred when it found Count 2 — trust reformation — was barred by res judicata and found there were insufficient, unanticipated circumstances warranting trust reformation.

{¶ 45} On October 7, 2022, the Trustees filed a motion to dismiss appellant lot owners' first amended complaint, and the Clifton Club subsequently filed a motion seeking to join the motion to dismiss. The trial court granted the motion to dismiss, in part, on April 17, 2023, and thereby dismissed Count 2 that sought reformation of the Trust Agreement. The trial court found there had been no material changes that served as unanticipated circumstances substantiating the need for a trust modification. The trial court also determined that Count 2 was barred pursuant to the doctrine of res judicata:

> [B]oth prior actions, as well as this matter, surround Clifton Club and its Members' access and use of the Beach and Beach property as regulated by the Trustees. Thus, this Court finds that Plaintiffs should

not be permitted to continue to bring adversarial matters for various causes of actions that could have been previously litigated but were never asserted by the Plaintiffs. Furthermore, the causes of action as asserted in *Dueck III* are seeking the same relief as *Dueck I* and *Dueck II*, to restrict Clifton Club members['] Beach access to the Beach and Beach property although it is presently and has been historically permitted.

April 17, 2023 judgment entry, p. 8.

{¶ 46} On December 23, 2023, appellant lot owners filed a motion for reconsideration of the dismissal of Count 2, contending that the Trustees' sale of 224 use licenses to Club Members was unanticipated by the trust settlors and was unintended and not permitted under the Trust. The trial court issued a judgment entry on March 28, 2024, finding the appellant lot owners' allegations lacked merit and were barred by res judicata.

{¶ 47} """The issue of whether res judicata . . . applies in a particular situation is a question of law that is reviewed under a de novo standard."""" *Kobal v. Kobal*, 2022-Ohio-812, ¶ 8 (8th Dist.), quoting *Hempstead v. Cleveland Bd. of Edn.*, 2008-Ohio-5350, ¶ 6 (8th Dist.), quoting *Gilchrist v. Gonsor*, 2007-Ohio-3903, ¶ 18 (8th Dist.), citing *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 2006-Ohio-2018, (11th Dist.). "A de novo standard of review affords no deference to the trial court's decision, and we independently review the record to determine whether res judicata applies." *Id.*

{¶ 48} The Ohio Supreme Court has found that

"[r]es judicata ensures the finality of decisions." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). . . . The res judicata doctrine ensures stability of judicial decisions, deters vexatious

litigation, and allows courts to resolve other disputes. *Natl. Amusements, Inc.*[*v. Springdale*, 53 Ohio St.3d 60,] . . . 62 [1990]; *Brown* at 131.

*AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 15. "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" *Grava,* 73 Ohio St.3d at 382, quoting *Natl. Amusements, Inc.* at 62.

{¶ 49} All the requirements of claim preclusion have been met here on Count 2, trust modification. A prior, final decision on the merits of the case was rendered in *Dueck I* and *Dueck II*. The current case shares the same parties and arises from the same occurrence or transaction as in *Dueck I* and *Dueck II*. While the appellant lot owners did not litigate trust modification in *Dueck I* and *Dueck II*, they could have done so. We do not find persuasive the appellant lot owners' argument that they could not raise modification of the trust until after *Dueck I* and *Dueck II*. Therefore, this claim is barred pursuant to res judicata.

{¶ 50} For the foregoing reasons, the appellant lot owners' third assignment of error is overruled.

{¶ 51} Judgment affirmed.

It is ordered that appellees recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN A. GALLAGHER, A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION).

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 52} I concur fully with the analysis and judgment of the majority.  The appellant lot owners achieved what can be described as a hollow victory in both *Dueck I* and *Dueck II*.  They succeeded in establishing that lot owners alone are the actual beneficiaries of the Trust, but they failed to end the non-lot-owner, non-beneficiary, Club Members' use of the assets of that Trust.[6]

{¶ 53} Thus, in the end, these cases come down to one central issue: Access.

{¶ 54} The Club Members gain Beach access through their permissive right to use of the Beach attained through the Clifton Club's status as a beneficiary of the Trust.  The two previous appellate decisions in this case expressly stated as much. *See Dueck I*, 2017-Ohio-7161, ¶ 66-67 (8th Dist.); *Dueck II*, 2019-Ohio-4784, ¶ 49, 54 (8th Dist.).  The only limitation on the Clifton Club was the cap of 250 members from the original Club Lease, subject to the rules and regulations implemented by

_____
[6] It is acknowledged that some Club Members are also beneficiaries as lot owners.

the Trustees. *See Dueck I* at ¶ 58. The Trust Deed and the Club Deed did not distinguish the Clifton Club's status as a beneficiary and its use of Trust assets from any other beneficiary. Moreover, nothing in the original documents expressly limits access by Club Members to the Trust assets. This was outlined in Ulmer & Berne LLP's memorandum to the Trustees dated May 9, 2012.

{¶ 55} Nothing in *Dueck I* or *Dueck II* undermined the conclusions in that memo. While nonresident Club Members are not beneficiaries, only when the permissive use by non-beneficiaries adversely impacts the use of trust assets by beneficiaries is there a problem. And as the endless correspondence, and meeting minutes, from all the parties show, that is not a bright line that can easily be drawn.

{¶ 56} There is no dispute that the appellant lot owners paint a picture where a class of users could conceivably consume a disproportionate share of the available Trust assets at the expense of the intended beneficiaries. Yet, the possibility of that occurring does not mean the Trustees breached their fiduciary duty or that the beneficiaries have been damaged by that possibility. Not only is there a lack of evidence herein to show the Trustees breached their fiduciary duty, but also there is nothing to show how a specific policy of the Trustees led directly to a definable harm or damage to a particular identified beneficiary, or equally to a class or group of beneficiaries. The key here is definable harm. Not speculative harm. The appellants assert their claims are real, but on close examination they are cast in terms of speculative or probable likelihoods, and not specific wrongs, with specific damages, on specific dates.

**{¶ 57}** I agree with the trial court that allowing the up to 250 Club Members to have a permissive right to access the Beach and related Beach Property does not, in and of itself, constitute a breach of fiduciary duty by the Trustees. Furthermore, in my view, the Trustees have full authority to regulate Beach access by those Club Members so long as their conduct does not damage the Trust or the beneficiaries. However, in this matter, no cognizable damages were shown.

**{¶ 58}** Indeed, the dissident lot-owner beneficiaries focus on the general claim that all Trustees lack the power to divvy up the limited resource of access, in essence, attempting to redeclare their rights under the Trust already determined and established to be nonexclusive in two earlier appeals. *See generally Dueck I* and *Dueck II*. According to the dissidents, no amount of access should be granted to the Club Members, a claim in direct contravention of the earlier panels' conclusions. To avoid this clear and undeniable implication, the appellant lot owners now claim that the specific policy of the Trustees in allocating rights as between the Club Members and the lot-owner beneficiaries is separate and distinct from the general declaration noted above. Even if we got into those weeds, however, the claims are speculative.

**{¶ 59}** The heart of the claim focuses on beach use by Club Members. The Trustees completed a beach reservation study in May 2020 that appeared to encompass both beach and table reservations for the years 2015 to 2019. That study shows that Club Members used the beach at a greater percentage than the individual lot-owner beneficiaries. This fact alone however does not establish a breach of a fiduciary duty by the Trustees or actual identifiable damage to those beneficiaries.

{¶ 60} There is no evidence that I can find in this record that establishes just what the capacity or reasonable use of the beach would be for Clifton Park. Such a study could be initiated by the Trustees, a beneficiary, a group of beneficiaries, the Clifton Club, a Club Member, or a group of Club Members. Such a study was described in "Recreation carrying capacity estimations to support beach management at Praia de Faro, Portugal" by Daniel A. Zacarias, Allan T. Williams, and Alice Newton as published in Applied Geography on ScienceDirect https://www.sciencedirect.com/science/article/abs/pii/S014362281100021X .

{¶ 61} Such an independent study might establish a specific number of beach visitors that is optimum per day, or at a particular time of day. With that information, a beneficiary would, as would a Trustee, be in a better position to assess the impact of allowable beach reservations on beneficiaries.

{¶ 62} Ultimately, the sale of 224 beach licenses by the Trustees to the Clifton Club does not establish a breach of a fiduciary duty. It is only when such sales demonstrate actual harm or damage to a beneficiary, or a specific class or group of beneficiaries, that an issue arises. It is the result of a decision that is controlling, not the decision itself.

{¶ 63} Similarly, the Trustees' policies on the use of the beach house, the picnic tables, and parking spots can be actionable only when it is clearly shown by an identified beneficiary, or a class or group of identified beneficiaries, that they were specifically damaged, on specific dates, through the policies of the Trustees. The harm cannot be general, nor the damages speculative. They must be specific.

For this reason, even beyond the impact of res judicata, the appellant lot owners' claims were rightfully rejected.